[No. 9,837.     Department One.—January 6, 1885.]

WOLF LEVY, PETITIONER, *v.* THE SUPERIOR COURT OF YOLO COUNTY, AND E. R. BUSH, JUDGE THEREOF.

APPEAL FROM JUSTICE'S COURT — JURISDICTION—UNDERTAKING.— An undertaking such as is required by the statute is a prerequisite to the acquisition of jurisdiction by the Superior Court of an appeal from a justice's court. The Superior Court can neither give to itself jurisdiction by holding an insufficient undertaking sufficient, nor divest itself of jurisdiction by holding a sufficient undertaking insufficient. The sufficiency or insufficiency of the undertaking can be inquired into, in a proceeding to test the question of jurisdiction.

ID.—ERRONEOUS DISMISSAL— CERTIORARI—MANDAMUS.— Where the Superior Court erroneously dismisses such an appeal for a supposed insufficiency in the undertaking, the remedy of the appellant is by *certiorari* to annul the order of dismissal, before proceeding by mandamus to compel the hearing of the appeal.

APPLICATION for a writ of mandate. An appeal to the Superior Court of Yolo County, from a justice's court, was dismissed, for a supposed insufficiency in the undertaking on ap-

peal. This proceeding was thereupon instituted to compel the hearing of the appeal. The further facts are sufficiently stated in the opinion of the court.

*J. C. Ball,* and *J. Craig,* for Petitioner.

*George P. Harding,* and *J. W. Goin,* for Respondent.

McKINSTRY, J.—The undertaking on appeal was sufficient to give jurisdiction to the Superior Court.

We suppose, on motion, the Superior Court will vacate the order dismissing the appeal.

If, however, it is necessary again to resort to this court for relief, we suggest to petitioner that his application should be for a writ of review, to annul the order dismissing the appeal.

An undertaking, such as is required by the statute, is a prerequisite to the acquisition of jurisdiction by the Superior Court. That court can neither give to itself jurisdiction by holding an insufficient undertaking sufficient, nor divest itself of jurisdiction by holding a sufficient bond insufficient. The sufficiency or insufficiency of the undertaking is a matter which can always be inquired into in a proper proceeding to test the question of jurisdiction. The jurisdiction of the appellate court depends upon the undertaking, which is a portion of the record. The case is not like those in which jurisdiction depends upon the existence of facts *aliunde.* In such cases the finding of the court, upon the evidence bearing upon the issue, that the fact does or does not exist, is conclusive.

But mandamus is not petitioner's remedy. A mandate that the Superior Court proceed to a hearing of the appeal on the merits, or to a retrial of the issues, would not annul, but simply ignore the order dismissing the appeal. The order must first be annulled by a direct proceeding—that is by *certiorari.* Such is the remedy, when a court has entered a judgment or made an order in excess of its jurisdiction.

Writ denied and proceeding dismissed.

SHARPSTEIN, J., and THORNTON, J., concurred.