[No. 11013. In Bank.—November 19, 1885.]

## D. T. HALL, PETITIONER, v. SUPERIOR COURT OF EL DORADO COUNTY, RESPONDENT.

PRACTICE—APPEAL FROM JUSTICE'S COURT.—A notice of appeal from a judgment of a Justice's Court was filed one day after the service thereof, and the undertaking on appeal was filed four days after the filing of the notice. These several acts were done within the time limited by statute. *Held*, that the appeal was regularly taken.

APPLICATION for a writ of *certiorari*. The facts are stated in the opinion of the court.

*George G. Blanchard*, and *Charles A. Swisler*, for Petitioner.

*Irwin & Irwin*, for Respondent.

MORRISON, C. J.—The opinion and orders heretofore filed herein are vacated and set aside, and the following will stand as the opinion and judgment of the court:—

Application for a writ of *certiorari*.

The petition in this case sets forth that on the fourteenth day of June, 1884, one William Went recovered a judgment against petitioner in a Justice's Court in the county of El Dorado, for a sum of money therein stated; that on the twenty-third day of June, a notice of appeal in said case was served, and filed on the following day, and on the 28th of June, 1884, a bond on appeal was duly filed.

The petition alleges that the appeal was in all respects regular and according to law, but that on the eleventh day of February, 1885, the cause was brought on for hearing before the Superior Court of El Dorado County, when a motion was made to dismiss the appeal which was granted on the grounds, as the order of dismissal shows, "that the notice of appeal was served on the twenty-third day of June, 1884, and filed on the 24th. That the bond was filed on the 28th."

There is no doubt that the reasons assigned by the court for making the order of dismissal were wholly in-

sufficient. The notice of appeal was given in time, was filed in time, and so was the bond filed within the time fixed by law. All of these questions were before the court and decided in the case of *Coker* v. *Superior Court of Colusa County*, 58 Cal. 177. It was there held that "to effectuate an appeal from the judgment of a justice of the peace, three things are necessary; viz., the filing of a notice of appeal with the justice, the service of a copy of the notice upon the adverse party, and the filing of a written undertaking; and all these must be done within thirty days after the rendition of the judgment. (Code Civ. Proc., secs. 974, 978.)" Here the notice of appeal was served and filed, and the undertaking on appeal was filed within the time prescribed by the statute, but not in the order named in the statute. The mere order in which the acts are done is not material; but when done within the time limited, the appeal is perfected. (*Coker* v. *Superior Court, supra.*)

The Coker case is very much in point, and settles the question that the appeal was improperly dismissed on the grounds stated in the order of dismissal.

We have shown that the appeal was regularly taken according to the provisions of the code, and the case was therefore properly in the Superior Court for trial. Had that court the right to dispose of the appeal in the summary manner in which it did? or was it not the duty of the court, under the circumstances, to dispose of the case on its merits? This court said, in the case of *Levy* v. *Superior Court of Yolo County*, 66 Cal. 292: "That court [the Superior Court] can neither give to itself jurisdiction by holding an insufficient undertaking sufficient, nor divest itself of jurisdiction by holding a sufficient bond insufficient."

. Neither could the Superior Court in the case now before us divest itself of the jurisdiction properly vested in it by the appeal, by an arbitrary order dismissing the appeal in the manner complained of.

From the facts appearing in the petition, the court erred in dismissing the appeal; therefore the alternative writ prayed for should issue.

So ordered.

MYRICK, J., THORNTON, J., and McKEE, J., concurred.