McKee, J.
The writ of review in this case was granted to determine whether the Superior Court of *627 Alameda County pursued its jurisdiction in a case before it on appeal from the judgment of a Justice's Court.
The case appealed was an action of claim and delivery brought by E. F. Herbert against C. F. Carlson, a constable, for the return of a buzz-planer, which the constable had seized on the 23d of February, 1886, as the property of A. M. Stoddard, to satisfy an attachment issued against Stoddard in favor of one Higgins.
In the action, the plaintiff recovered judgment for the return of the buzz-planer, or its value if a return could not be had, and costs.
From the judgment, Carlson appealed to the Superior Court on a question of law. The question was, whether the transfer, by which "the plaintiff claimed title to the attached property, was void against the attaching creditor upon the ground that it was not accompanied by an immediate delivery and followed by an actual change of possession of the buzz-planer. It was contended that the transfer was void upon that ground, and that the judgment appealed from was erroneous and reversible.
The Superior Court, however, held that the statement on appeal was insufficient to raise the question. Upon the hearing of the case it made the following order: " That the statement of the case did not contain sufficient evidence to enable the- court to decide whether the ground of appeal was well taken; and for the reason that the appeal should be on questions of law and fact, this court dismisses the appeal.”
But the law allowed an appeal to be taken on questions of law alone; the appeal taken upon that ground was therefore taken according to law. There was no question that the appeal was not properly taken, and the question whether it ought to have been taken on questions of law and fact was not a question within the appellate jurisdiction of the court. There was but one question before the court as the ground of appeal; and apon that the appellant was entitled, as a matter of right, *628 to be heard if the statement of the case contained the evidence upon which the question was raised and decided in the Justice’s Court.
All the evidence necessary for the determination of the question was contained in the statement.
The statement shows that Herbert, the plaintiff in the action, claimed the property which was attached as a portion of the machinery of a planing-mill, known as the Enterprise Mill, which consisted of a two-story building and its land and appurtenances, together with the machinery, including the buzz-planer. The basis of the claim was a conveyance of the mill property, executed and delivered on the 1st of January, 1886, by A. M. Stoddard, the attachment debtor. At the date and delivery of the conveyance, A. M. Stoddard was, by himself and his tenant,—his brother, A. C. Stoddard,—in possession of the property; he occupying the upper story of the building for the manufacture of furniture, and his tenant the lower story, in which he carried on the business of the planing-mill. The delivery of the deed was accompanied by a delivery of the keys of the upper story of the building; but except as to the legal effect of the delivery of the deed and keys, there was no actual exchange of the possession of any of the property described in the conveyance. The original owner and attachment debtor, by himself and tenant, continued in possession of all the property, and conducted their business in the same way and under the same arrangements as before the conveyance, except that the atttachment debtor took a lease of the property, which he held from about the 1st of January until about the 1st of February, 1886, when he surrendered it, and a new lease of the property was made to his tenant, under whom the attachment debtor, without any change of possession" of the property, continued to act as engineer of the planing-mill, and had ostensible possession and use of the buzz-planer on the 23d of February, 1886, when the constable, *629 Carlson, levied upon it as his property to satisfy the attachment against him.
This showing was sufficient to raise the particular point of law upon which the appeal was taken. It was the question which was raised and decided at the trial of the case in the Justice’s Court; and the appeal having been taken from the judgment upon that alone, it was the question or point of law to be decided upon the appeal.
The appeal vested the Superior Court with jurisdiction to hear and determine the question. In the exercise of that jurisdiction, the court could not decline to determine the only question brought by the statement on appeal within its jurisdiction by arbitrarily ordering a dismissal of the appeal upon the ground that the appeal ought to have been taken on questions of law and fact. Such a disposition of the case was in excess of the jurisdiction of the court with reference to the matter on appeal. (Hall v. Superior Court, 68 Cal. 24; Matthews v. Superior Court, 68 Cal. 638.)
Let the order dismissing the appeal for the reason assigned be reversed, and the cause remanded for hearing and determination of the question of law upon which the appeal was taken.
Sharpstein, J., concurred.
Thornton, J., concurred in the judgment.