[No. 11013. In Bank.— January 18, 1887.]

## D. T. HALL, PETITIONER, *v.* SUPERIOR COURT OF EL DORADO COUNTY, RESPONDENT.

JUSTICE'S COURT— APPEAL— NOTICE OF— ORDER OF FILING AND SERVICE— UNDERTAKING. — A notice of appeal from a Justice's Court is not required to be filed prior to the service of a copy thereof upon the adverse party, nor need the undertaking thereon be filed simultaneously with the notice.

ID. — DISMISSAL OF APPEAL— JURISDICTION OF SUPERIOR COURT— CERTIORARI. — Where a notice of appeal from a Justice's Court is served and filed, and the undertaking thereon is also filed within the time limited by law, an arbitrary dismissal of the appeal by the Superior Court because the notice was not filed prior to the service of a copy thereof on

the adverse party, and because the undertaking was not filed simulta-
neously with the notice, is an improper divestiture of its jurisdiction by
the court, and will be annulled on *certiorari*.

APPLICATION for a writ of review.   The facts are stated
in the opinion.   The opinion ordering the issuance of
the alternative writ is reported in 68 Cal. 24.

*George G. Blanchard*, and *Charles A. Swisler*, for Peti-
tioner.

*Irwin & Irwin*, for Respondent.

FOOTE, C.—On the nineteenth day of November, 1885,
this court ordered the issuance in this cause of an alter-
native writ of *certiorari* to the Superior Court of El Do-
rado County.   (68 Cal. 24.)

Upon the return of the certified transcript of the
proceedings had by that court in the case of *Went* v. *Hall*,
it appears that the appeal pending therein from a Jus-
tice's Court was dismissed upon motion because the
former court was of opinion that it did not have juris-
diction to hear and determine the said cause upon its
merits.

It further appears that the opinion was based upon
the view entertained by the court, that as prerequisites
to the validity of such appeal, it was necessary that the
notice thereof should have been *filed* in the Justice's
Court *prior* to the *service* of a copy of the same upon the
adverse party, and that the undertaking should have
been *filed simultaneously* with said *notice*, notwithstand-
ing that all of those jurisdictional acts had been per-
formed within thirty days of the date of the rendition
of the original judgment.

This construction of sections 974 and 978, Code of
Civil Procedure, was clearly erroneous, as this court held
in *Coker* v. *Superior Court*, 58 Cal. 177.

The Superior Court of El Dorado County had juris-
diction to hear and determine the case before it upon

its merits, and the arbitrary dismissal of it upon motion was an improper divestiture of its rightful jurisdiction.

Where such is the case, the writ of *certiorari* is a proper proceeding to annul the order dismissing the appeal. (*Levy* v. *Superior Court,* 66 Cal. 292.)

The order of dismissal should be annulled, the cause reinstated, heard, and determined upon its merits by the Superior Court of El Dorado County.

BELCHER, C. C., and SEARLS, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order of dismissal is annulled, and the cause ordered reinstated, to be heard and determined upon its merits.