[No. 15079.   In Bank. — September 1, 1892.]

## JOSEPH BUCKLEY, PETITIONER, *v.* SUPERIOR COURT OF FRESNO COUNTY, RESPONDENT.

WRIT OF REVIEW — DISMISSAL OF APPEAL FROM JUSTICE'S COURT — JURISDICTION OF SUPERIOR COURT. — When an appeal from a justice's court is regularly taken, the superior court not only has jurisdiction to try the cause upon its merits, but it has entire and complete jurisdiction of the cause for any and all purposes, and the action of the superior court in dismissing the appeal, even if erroneous, is a mere error in the exercise of its power, which will not be reviewed by this court upon writ of review.

ID. — OFFICE OF WRIT OF REVIEW. — A writ of review brings up for review only the question whether the inferior officer, court, or tribunal has exceeded its jurisdiction, and cannot be used as a mere writ of error for the correction of misakes, either in law or fact, committed by the inferior tribunal within the limits of its jurisdiction.

WRIT of review to the Superior Court of Fresno County. The facts are stated in the opinion of the court.

*L. L. Cory,* for Petitioner.

*Church & Walser,* for Respondent.

GAROUTTE, J. — A motion was made in the superior court of Fresno County to dismiss the appeal then pending before that court in the case of *Hulen v. Buckley,* the case having been originally tried in the justice's court.

The motion was made upon the grounds that, — 1. The judgment appealed from was entered by default, and is not appealable; 2. That no motion was made in the lower court to set aside the default before the appeal was taken; 3. That said appeal was taken upon questions of both law and fact. The court granted the motion, and we are now asked to review that action by a writ of review.

Section 1068 of the Code of Civil Procedure reads: "A writ of review may be granted by any court, except a police or justice's court, when an inferior tribunal, board, or officer exercising judicial functions, has exceeded the jurisdiction of such tribunal, board, or officer,

and there is no appeal, nor, in the judgment of the court, any plain, speedy, and adequate remedy."

It will be noticed that the foundation of the writ is essentially and necessarily an excess of jurisdiction; for no act of tribunal, board, or officer exercising judicial functions, done or made within its jurisdiction, can ever be the subject of attack by writ of review. In the matter now before us, it is apparent that the court had jurisdiction of the subject-matter and of the persons; all the parties were before the court; the appeal was regularly taken; and we are at a loss to understand why the court had not the same jurisdiction to hear a motion to dismiss the appeal as it had to proceed to a trial of the cause upon its merits. If it had jurisdiction to hear the motion, and as to that matter there can be no question, then its ruling upon the motion was simply an exercise of that jurisdiction, and however erroneous such ruling might be, it would only be an error of law, in no manner subject to review by an original proceeding in this court. In this case the court had jurisdiction to hear the motion, and it would be an absurdity to say that upon the submission of the matter the court had jurisdiction to deny the motion to dismiss the appeal, but no jurisdiction to grant it. As was said in *Central Pacific R. R. Co.* v. *Placer County,* 46 Cal. 670: "It has been settled by a long series of decisions in this state, that a writ of *certiorari* brings up for review only the question whether the inferior officer, court, or tribunal has exceeded its jurisdiction, and cannot be used as a mere writ of error for the correction of mistakes, either in law or fact, committed by the inferior tribunal within the limits of its jurisdiction"; citing many cases. It may be conceded that the action of the court in dismissing this appeal was entirely without support in the law, and furnished ample material to justify a reversal of the order if a proper matter for review under the statute; but such may be the fact, and yet no question of excess of jurisdiction be involved. To absolutely thus deprive the appellant of the right to be heard upon the merits

of his cause is a great hardship, and often productive of serious pecuniary loss, but such appellant suffers no greater hardship or loss than though he proceeds to trial, and the court decides against him upon final judgment when he has a cause full of merit. As was said in *Sherer* v. *Superior Court*, 94 Cal. 355: " Within the limits thus prescribed, its errors in the exercise of its jurisdiction, however gross or glaring they may be, must be submitted to as a part of the sacrifice which every individual is compelled to yield to the infirmities of human government."

These views are in conflict with *Carlson* v. *Superior Court*, 70 Cal. 628, and that case must be considered as overruled. The appeal in that case was dismissed, upon the ground that it was taken upon questions of law, and should have been taken upon questions of both law and fact. This court said the appeal vested the superior court with jurisdiction to hear and determine the question, and to dismiss the appeal was an act of the court in excess of its jurisdiction. The entire reasoning of the court upon the matter goes to the question that the order of the court in dismissing the appeal was erroneous,—a matter entirely immaterial to the issue involved. The vital question was, Did the superior court exceed its jurisdiction in dismissing the appeal? not, was the appeal erroneously dismissed? When an appeal is regularly taken, the court not only has jurisdiction to try the cause upon its merits, but it has entire and complete jurisdiction of the cause for any and all purposes. It has jurisdiction to hear a motion to dismiss the appeal as fully as it has jurisdiction to hear and determine the cause upon its merits; and to erroneously dismiss the appeal is no more jurisdictional than to erroneously decide the merits of the cause.

It follows that if the court erred in dismissing the appeal, it was done in the exercise of jurisdiction, and not in assuming jurisdiction which did not exist. It was a mere error in the exercise of its power.— an error of

law which will not be reviewed by an original proceeding.

If there are other cases following in the wake of *Carlson* v. *Superior Court*, 70 Cal. 628, they are valueless for future precedent.

Let the writ be dismissed.

DE HAVEN, J., McFARLAND, J., HARRISON, J., and SHARPSTEIN, J., concurred.

PATERSON, J., dissenting. — A dissenting opinion in an ordinary case probably does more harm than good; it weakens the effect of the decision as a precedent, and tends to destroy the respect which we all hope to secure for our decisions at home and abroad. The decision in this case, however, is itself so destructive of precedents established by our predecessors in well-considered cases, I deem it my duty to spread upon the record the reasons for my dissent, and to show, if possible, that *in matters of jurisdiction* the superior court is not clothed with that supreme and arbitrary power conceded to it by the decision herein.

*Carlson* v. *Superior Court*, 70 Cal. 628, *Levy* v. *Superior Court*, 66 Cal. 292, and other kindred cases, in my opinion, were correctly decided, and should be adhered to. The decisions in those cases went upon the proposition that a court cannot divest itself of jurisdiction by arbitrarily saying it has no right to proceed, any more than it can invest itself with jurisdiction by arbitrarily saying it has a right to proceed. My brothers concede that if a court proceed in a case where the record shows it has no jurisdiction, its orders are void, but hold that in this case the court having jurisdiction to hear and determine the motion to dismiss an appeal, "its ruling upon the motion was simply an exercise of that jurisdiction, and however erroneous such ruling might be, it could only be an error of law." But the dismissal of the appeal in this case was neither more nor less than a refusal on the part of the court to give the appellant a hearing in the

case, although the record on its face showed that he was entitled to a hearing on the merits.   The court has no more right to refuse to hear the complaint and answer the prayer of a litigant who is regularly before it by proceedings on appeal than it has to refuse to hear and determine the claims of parties who are regularly before it by complaint, summons, and answer.   It happens occasionally that the court refuses to settle a bill of exceptions, or to proceed with the trial of a case.   It might be said in such cases that the court below had jurisdiction to grant or deny the motion, or to grant or deny the plaintiff's prayer for relief, — that it had to look into the record to determine whether it had jurisdiction or not, — and that its refusal to entertain the matter on its merits, or to hear the case, was mere error; but this court has never denied a writ of mandate when it appeared that the party was entitled to a hearing, and has uniformly held that a court could not refuse to hear a matter upon the merits when it was regularly before it for that purpose.   There is no force in the argument that the superior court is liable to commit error on the trial of any case on appeal from the justice's court for which there is no remedy, and that where a motion to dismiss the appeal is granted, the appellant "suffers no greater hardship or loss than though he proceeds to trial, and the court decides against him upon final judgment." The lameness of the argument consists in the assumption that the court would decide the case against the appellant, and it ignores his right to the judgment of the court upon the merits of the matter which is regularly before it for determination.

Judgment is entered against A in the justice's court, and he perfects an appeal to the superior court.   The respondent moves to dismiss the appeal, to which motion A objects, and asks to have the cause set for trial.   The court overrules the objection, and dismisses the appeal. This is held to be mere error, although the record on its face shows that the court had jurisdiction, and should have tried the case.   Judgment is entered against B in

the justice's court, and he makes an ineffectual attempt to take an appeal. The respondent moves to dismiss the appeal, to which motion B objects, and asks to have the case set for trial. The objection of B is sustained, the motion to dismiss the appeal is denied, and the case proceeds to trial and judgment. In each case the decision of the court was wrong. In the latter case it is conceded that the judgment is void, and should be set aside on *certiorari*. If the ruling of the court in the first case was merely erroneous, why was it not merely erroneous in the second case supposed? The court had jurisdiction to hear and decide the motion in the first case, and for that reason it is said its ruling was mere error, although it affirmatively appeared on the record that the court had jurisdiction to hear, and ought to have heard, the appeal. Is it not equally true that in the second case the court had jurisdiction to hear and determine the objection and the motion before it? If its ruling in one case was merely erroneous, was it not merely erroneous in the other? The error of the court rests in the assumption that in determining that it has not jurisdiction, although the record affirmatively shows that it has, the superior court may exercise discretion, while it is admitted in determining that it *has* jurisdiction, when the records show affirmatively that it has not, there is no discretion in the court, and its order is void. If it be true that a court has no power to say it has jurisdiction when the record shows it has not, the converse of the proposition must be true, that if the record shows it has jurisdiction, it has no right to say it has not. The question of discretion or error is entirely foreign to the discussion. If the record shows it has jurisdiction, that is the end of it; the court must proceed. It has no power to say that it will not. If the record shows affirmatively that it has *not* jurisdiction, it has no power to say that it will proceed. In each case the court is bound by the jurisdictional facts appearing of record; it cannot ignore or dispute them. As said in *Levy* v. *Superior Court*, 66

Cal. 292: "The case is not like those which are dependent upon the existence of facts *aliunde.*"

BEATTY, C. J. — I concur in the foregoing opinion of Mr. Justice Paterson.