[S. F. No. 4328.   In Bank.—June 19, 1905.]

E. C. LAWS, Petitioner, v. JAMES M. TROUTT, Judge of Superior Court of the City and County of San Francisco, Respondent.

APPEAL FROM JUSTICE'S COURT—JURISDICTION—DEPOSIT OF MONEY IN LIEU OF UNDERTAKING—PROHIBITION.—An appeal from a justice's court to the superior court is perfected by the deposit with the justice of money in lieu of the undertaking on appeal, under the authority of section 926 of the Code of Civil Procedure, which is a general provision broad enough in its terms to include the case of such appeal; and prohibition will not lie to prevent the superior court from entertaining the appeal.

APPLICATION for Writ of Prohibition to a judge of the Superior Court of the City and County of San Francisco. James M. Troutt, Judge.

The facts are stated in the opinion of the court.

Robert P. Troy, for Petitioner.

Hayden, Alderman & Oakford, for Respondent.

SHAW, J.—The superior court overruled the motion of the petitioner, as defendant in an action begun against him by E. J. Campion in a justice's court of San Francisco, to dismiss an appeal to the superior court taken by the plaintiff from a judgment rendered in the justice's court in favor of the defendant. The ground of the motion to dismiss was, that the plaintiff and appellant in the action, after first filing an undertaking on appeal in the sum of one hundred dollars for the payment of the costs of appeal, as required by section 978 of the Code of Civil Procedure, had, upon exceptions taken to the sufficiency of the sureties thereto and proceedings for the justification of the sureties in pursuance of such exceptions, deposited the sum of one hundred dollars in United States gold coin with the justice in lieu of the undertaking for that amount required to perfect the appeal. The superior court, upon the denial of the motion to dismiss, set the case for trial upon the appeal in the superior court and the respondent is about to proceed with the trial. The present proceeding is an application to this court for an alternative writ of prohibition to prevent the respondent from proceeding further in the case in the superior court.

The contention of the petitioner is, that there is no authority for the deposit of money with the justice in lieu of the undertaking on appeal, and that therefore the superior court is without jurisdiction to proceed in the case. In this the petitioner is mistaken. Section 926 of the Code of Civil Procedure provides that "In all civil cases arising in justices' courts, wherein an undertaking is required as prescribed in this code, the plaintiff or defendant may deposit with said justice a sum of money in United States gold coin equal to the amount required by the said undertaking, which said sum of money shall be taken as security in place of said undertaking." A civil case appealed, or about to be appealed, from a justice's court to a superior court is clearly a "civil case arising in a justice's court," and no valid ground appears for holding this section inapplicable to the undertaking for costs on appeal

required by the first clause of section 978 of the same code to make effectual an appeal from the justice's court to the superior court. The section quoted makes no provision for the transmission to the superior court of the money deposited in lieu of the undertaking for costs of appeal, as does a similar clause of section 978 of the Code of Civil Procedure with regard to money deposited in lieu of an undertaking for the stay of proceedings pending the appeal. This, however, is immaterial. The sum of money deposited with the justice, who is under bond and bound further by his official oath, is manifestly as good security to the respondent as an undertaking would ordinarily be, and the legislature may give the right of appeal as well upon that security as upon the security of an undertaking. Section 926 was enacted in 1878, and was placed by the legislature in chapter XII of title XI of part II of that code, the original chapter heading of which was "General Provisions Relating to Justices' Courts." This clearly indicates an intention to make this provision applicable to all proceedings in justices' courts, and as the filing and serving of the notice of appeal to the superior court and the giving of the necessary security to make the appeal effectual are both proceedings in the justice's court, it is obvious that section 926 applies to the security to be given upon such an appeal as fully as to any other provision requiring the giving of an undertaking in a proceeding in a justice's court. The appeal in question was perfected by the deposit of the money in lieu of the undertaking, and consequently the superior court has jurisdiction of the cause, and the respondent may lawfully proceed with the trial. This question was not presented in *McConky* v. *Superior Court,* 56 Cal. 83.

The application for an alternative writ is denied and the proceeding dismissed.

We have considered this petition on the merits solely in order to settle what seems to be a disputed question of practice relating to appeals to superior courts from a justice's court, waiving, for that purpose, the technical objection that the superior court has power to determine for itself its appellate jurisdiction, which seems to be declared in *Buckley* v. *Superior Court,* 96 Cal. 119, 31 Pac. 8.

Beatty, C. J., Angellotti, J., Van Dyke, J., Lorigan, J., Henshaw, J., and McFarland, J., concurred.