RICHMOND et al. v. HOUSER, Judge, et al.

Court of Appeal, Second District; May 29, 1908.

96 Pac. 908.

**Certiorari—Return—Sufficiency.**—Where No Objection is Urged to the sufficiency of a return on an application for certiorari to review the proceedings of the superior court, and all parties treat the same as a correct transcript, the court of appeal will so regard it.

**Certiorari—Existence of Remedy by Appeal.**—Certiorari lies to review an order of the superior court remanding an action in forcible detainer theretofore certified to the superior court by a justice of the peace, and such order is not reviewable only on appeal, since it is an improper divestiture of jurisdiction.

**Certiorari—Parties.**—On Certiorari to Review an Order of the superior court, it is necessary that it should be a party, and, in its absence, the writ being directed to the judge of such court, its order cannot be annulled.

Application by Emma Agnes Richmond and others for a writ of certiorari, directed to Frederick W. Houser, as judge

of the superior court in and for Los Angeles county, and others. Application denied, without prejudice.

Wm. T. Blakely for petitioners; Tipton & Cailor for respondents.

ALLEN, P. J.—This is an application for a writ of certiorari to review the proceedings of the superior court of Los Angeles county remanding an action in forcible detainer theretofore certified to such court by a justice of the peace. The writ is not directed to the court, but to Frederick W. Houser, judge of said court. There is no return by the clerk of the superior court, and the transcript certified to this court is certified to by the justice of the peace; but therein is contained a certificate of the clerk of the superior court, showing the action and proceedings of the superior court. No objection is urged as to the sufficiency of this return, and all parties treat the same as a correct transcript, and we will so regard it.

The return shows that the action of the justice in certifying the case to the superior court was proper, and the order of remand unwarranted. It is insisted by respondents that such order is erroneous, and reviewable only on appeal. We are of the contrary opinion. The superior court had jurisdiction to hear and determine the case before it upon its merits, and the order of remand was an improper divestiture of its right of jurisdiction. "Where such is the case, the writ of certiorari is a proper proceeding to annul the order": Hall v. Superior Court, 71 Cal. 550, 12 Pac. 672; Levy v. Superior Court, 66 Cal. 292, 5 Pac. 353. This writ of certiorari, however, being sought to review the action of an inferior tribunal, it is necessary that such tribunal should be a party, that an effective review be had. This court cannot, in the absence of a proper party, make an order annulling the order of remand.

The application is therefore denied, without prejudice.

We concur: Shaw, J.; Taggart, J.