[Civ. No. 843.   Second Appellate District.—April 2, 1910.]

JOHN H. McGOWAN, Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, County of Los Angeles, W. P. JAMES, Judge of said Superior Court, and H. A. PIERCE, Justice of the Peace, in and for Los Angeles Township, etc., Respondents.

WRIT OF REVIEW—JURISDICTION OF SUPERIOR COURT TO DISMISS APPEAL FROM JUSTICE'S COURT—ERRONEOUS ACTION.—A writ of review will not lie to annul the action of the superior court in dismissing an appeal from the justice's court taken thereto on questions of law and fact, however erroneous and arbitrary the action may be; since the superior court has jurisdiction as fully to hear and determine a motion to dismiss the appeal as it has to determine the cause upon its merits.

APPLICATION for writ of review to annul an order of the Superior Court of Los Angeles County, dismissing an appeal taken from the justice's court thereto on questions of law and facts.   W. P. James, Judge.

The facts are stated in the opinion of the court.

Hanson, Hackler & Heath, for Petitioner.

THE COURT.—Assuming that the matters and facts set forth in the petition disclose arbitrary action on the part of the superior court in dismissing an appeal regularly taken from a justice's court upon questions of both law and fact, and which appeal was then pending in said superior court, by which order it divested itself of jurisdiction and prevented appellant from having a hearing of such cause upon its merits, we are then confronted with the precise question involved in *Buckley* v. *Superior Court*, 96 Cal. 119, [31 Pac. 8], wherein our supreme court has said, referring to the superior court, "it has jurisdiction to hear a motion to dismiss the appeal as fully as it has jurisdiction to hear and determine the cause upon its merits; and to erroneously dismiss the appeal is no more jurisdictional than to erroneously decide the merits of the cause." While we are much impressed with the reasoning employed in the former case of

*Hall* v. *Superior Court,* 68 Cal. 25, [8 Pac. 509], wherein it is said, "that court [the superior court] can neither give to itself jurisdiction by holding an insufficient undertaking sufficient, nor divest itself of jurisdiction by holding a sufficient bond insufficient," nevertheless, we feel ourselves bound by the subsequent ruling in *Buckley* v. *Superior Court, supra,* which, while the opinion of a divided court, has never as yet been directly overruled or modified.

Adopting, then, as we feel ourselves bound to do under the circumstances, the rule laid down in the later case, this application must be denied.

Application for writ denied.