[S. F. No. 5509. In Bank.—March 13, 1911.]

GOLDEN GATE TILE COMPANY (a Corporation), Petitioner, v. THE SUPERIOR COURT OF THE STATE OF CALIFORNIA, IN AND FOR THE CITY AND COUNTY OF SAN FRANCISCO et al., Respondents.

APPEAL FROM JUSTICE'S COURT—ERRONEOUS DISMISSAL—MANDAMUS.— Where an appeal from a justice's court to the superior court has been properly taken, and the superior court has erroneously dismissed such appeal on the ground that it had not acquired jurisdiction thereof, *mandamus* will lie to compel the superior court to proceed with the trial of the cause.

ID.—DISTINCTION BETWEEN MANDAMUS AND OTHER REMEDIES—JURISDICTION.—*Mandamus* lies to compel an inferior court to act within its jurisdiction, when it has failed or refused to do so. A writ of review is the proper remedy when it has exceeded its jurisdiction, and prohibition will lie to restrain its action when it has no jursdiction.

ID.—MANDAMUS TO COMPEL EXERCISE OF JURISDICTION—DISMISSAL A REFUSAL.—Where the superior court has appellate jurisdiction of a justice's judgment, it should not be permitted by an arbitrary or erroneous order to divest itself of jurisdiction. A dismissal of the

appeal is a refusal to hear or decide it, and the writ of *mandamus* is the proper remedy to compel the court to exercise its jurisdiction to entertain, try, and decide the appeal.

Id.—Proper Change of Rule as to Finality of Dismissal—Mandamus.—The former rule that when the superior court has dismissed an appeal from the justice's court for want of jurisdiction, its action could not be disturbed, has been properly modified by allowing a writ of *mandamus* to compel it to entertain the appeal and try the case.

Id.—Jurisdiction of Appeal—All Steps Taken in Time.—Where all of the steps required to give the court jurisdiction of an appeal from the justice's court, including notice of the filing of the undertaking on appeal, were taken within thirty days from the entry of the judgment, the court has jurisdiction of the appeal.

Id.—Construction of Code—Time for Notice of Filing of Undertaking not Specified.—Section 978a of the Code of Civil Procedure, which specifies no time for the notice of the filing of the undertaking on appeal, is not to be construed as though the word "immediately," not appearing in the statute, were written therein.

Id.—Question of Exception to Surety is not Involved—Improper Objection to Jurisdiction.—Where appellant is not complaining as to any loss of a chance to except to the sureties, he cannot claim that the court had no jurisdiction of the appeal, because the notice of the filing of the undertaking was not contemporaneous with the undertaking.

APPLICATION for a Writ of Mandamus to the Superior Court of the City and County of San Francisco. Thos. F. Graham, Judge.

The facts are stated in the opinion of the court.

Fisher Ames, and Ames & Manning, for Petitioner.

L. P. Dunkley and Henry C. Schaertzer, for Respondents.

MELVIN, J.—Petitioner asked for a writ of review directed to the superior court of the city and county of San Francisco, and Hon. Thomas F. Graham, one of the judges thereof. Upon reading and considering said petition, this court, being of the opinion that the appropriate remedy under the facts stated was an alternative writ of mandate, such writ was accordingly issued.

There is no controversy respecting the facts alleged in the petition, which, briefly stated, are as follows: On October 27,

1909, judgment was entered for the plaintiff in the justices' court of the city and county of San Francisco in the case of H. S. Ripley *v.* Golden Gate Tile Co., a corporation. On November 3, 1909, defendant regularly served and filed its notice of appeal from said judgment and on the same day an undertaking on appeal was duly filed. On the twenty-fourth day of November, 1909, notice of the filing of said undertaking was duly served on plaintiff's attorneys and filed. It will be seen that all of these transactions occurred within a period of twenty-eight days. Subsequently a motion to dismiss the appeal was made and after a hearing by the court was granted. The ground of the motion was that the appellant had not complied with the provisions of section 978a of the Code of Civil Procedure.

The first question which we shall determine is this: Conceding that the superior court's finding that it was without jurisdiction to consider the case on appeal was erroneous, may this court by a writ of *mandamus* compel it to proceed to a trial of the action? For a long time this court held that where a superior court erroneously concludes that it is without jurisdiction to try a cause appealed from a justice's court, its action in dismissing the appeal cannot be disturbed. That the court now inclines to a different doctrine is evidenced in the granting of the alternative writ herein, as well as in making peremptory by an order from the bench a similar writ: In the Matter of R. B. Vinson, S. F. No. 5472. The facts in that case were as follows: A notice and an undertaking on appeal were filed, but the sureties having failed to justify after exception, a second motion was filed and all the steps required to perfect the appeal were taken within the time prescribed by law. This court held that the first attempted appeal was ineffectual for any purpose; that the other appeal was properly perfected; and that the superior court should proceed to try the cause. In the Matter of Vinson, application for a writ had been made to the district court of appeal of the first appellate district. Being unable to agree, the justices of that court filed separate opinions setting forth their views.

Mr. Justice Kerrigan, in his opinion, while conceding that the case of *Buckley* v. *Superior Court,* 96 Cal. 119, [31 Pac. 8], was opposed to petitioner's contention, called attention to

the fact that a later decision had thrown doubt upon the correctness of the rule announced in that case. In an elaborate opinion he reached the conclusion that a writ of mandate should issue. That portion of his opinion applicable to the case at bar is hereby adopted. It is as follows:—

"*Mandamus* lies to compel an inferior court to act when it has neglected or refused to do so. (19 Am. & Eng. Ency. of Law, 2d ed., p. 827.) A writ of review is the proper remedy when such a court has acted, but in acting has exceeded its jurisdiction. (Spelling on Injunctions and other Extraordinary Remedies, vol. 2, sec. 1958.)

"Where a superior court has no jurisdiction of an appeal from a justice's court, because, for example, of some defect in the appeal, the superior court may be restrained from proceeding to hear and determine such a case. (*Swem* v. *Monroe,* 148 Cal. 741, [83 Pac. 1074]; *Crowley L. & T. Co.* v. *Superior Court,* 10 Cal. App. 342, [101 Pac. 935]; *Southern Pacific R. R. Co.* v. *Superior Court,* 59 Cal. 471; *Rickey* v. *Superior Court,* 59 Cal. 661; *Lewis* v. *Superior Court,* 11 Cal. App. 483, [105 Pac. 763].)

"And it would seem that the converse of this proposition must be true, and that where a court has jurisdiction of a cause, it should not be permitted, by an arbitrary or erroneous order, to divest itself of jurisdiction, but it should be compelled to proceed with the case to judgment. Under the circumstances mentioned it has been held that either writ of *mandamus* or the writ of review is proper. (*Snover* v. *Tinsman,* 38 N. J. L. 210.) One line of cases holds that where a court has jurisdiction but determines that it has not, and for that reason dismisses the appeal, thus depriving a party of a hearing, such court may be required to vacate the order dismissing the appeal and to proceed with the trial of the cause; that such a dismissal of the appeal is nothing more or less than a refusal to proceed in the action, and comes within the general rule that, when a court having jurisdiction refuses to act on the ground that it has not jurisdiction, it may be compelled to do so.

"In the case of *State ex. rel. Shannon* v. *Hunter,* 3 Wash. 92, [27 Pac. 1076], the superior court had erroneously dismissed an appeal from the justice's court on the theory that there was a defect in the appeal, and that therefore it was without juris-

diction. *Mandamus* was there held to be the proper remedy to compel the superior court to proceed with the cause.

"Merrill on Mandamus, after reviewing the authorities on the question whether *mandamus* lies in case of the erroneous dismissal of an appeal by an inferior court, says (at pages 256 and 257, sec. 205) : 'The weight of authority seems to be that a writ of *mandamus* will lie in all cases to compel the reinstatement of an appeal except when another remedy . . . is provided by statute.' Again in section 203 he says : 'When a court refuses to proceed to try a cause, erroneously deciding that it has no jurisdiction, it will be compelled by the writ of *mandamus* to assume jurisdiction and proceed with the cause.' (See, also, section 206.)

"In the case of *State ex rel.* v. *Philips,* 97 Mo. 331, [10 S. W. 855, 3 L. R. A. 476], after citing and quoting from a great many cases, the court says (at page 346) : 'The weight of authority, and certainly of reason, would seem to say that, if the lower court has plainly erred on a point of practice, either by misapprehending its own rules, or a plain rule of law, and in consequence has dismissed an appeal, *mandamus* will lie to correct and remedy the erroneous or arbitrary exercise of its discretion, notwithstanding it has acted.'

"And *In re Parker,* 120 U. S. 737, [7 Sup. Ct. 767, 30 L. Ed. 818], the superior court of Washington Territory had decided upon a hearing that the appeal had not been properly taken, that it had no jurisdiction, and therefore dismissed it. But the supreme court of the United States, by a writ of mandate, compelled the superior court to reinstate the case and to proceed to trial.

"Again in *Harrington* v. *Holler,* 111 U. S. 796, [4 Sup. Ct., 697, 28 L. Ed. 602], it was held that a dismissal was a refusal to hear and decide a cause, and that *mandamus* was the proper remedy to compel the court to entertain the case and to proceed with its determination. See, also, *Hallon Parker, Petitioner,* 131 U. S. 221, [9 Sup. Ct. 708, 33 L. Ed. 123] ; *Ex Parte Bradstreet,* 7 Pet. 634, [8 L. Ed. 810] ; *State ex rel.* v. *Laughlin,* 75 Mo. 358; *Fabretti* v. *Superior Court,* 77 Cal. 305, 307, [19 Pac. 481] ; *People ex rel.* v. *Scates,* 3 Scam. (Ill.) 351, cited in *Avery* v. *Superior Court,* 57 Cal. 249. This is the doctrine in Alabama and Michigan.

"Under the authorities just referred to, it not only appears

that under circumstances such as are present here the aggrieved party is entitled to relief, but also that *mandamus* is the appropriate remedy. However, according to another view, a writ of *certiorari* is the proper remedy. But the pleadings are in such shape here that I think that the petitioner is unembarrassed by the question of remedy. The petition in this proceeding sets forth that the superior court refused to proceed with the trial of the case, and a writ of mandate is prayed for; and if it were not for certain allegations in the answer of respondent, the petitioner would fail or succeed as he is entitled or not to a writ of mandate. But the undenied facts set forth in the petition with the allegations of the answer, and the exhibits attached, show a sufficient application for a writ of review. The two pleadings embrace all the matters and things that would be required in such an application. It is true that the petitioner prays for a writ of mandate, but notwithstanding this, or what he may denominate the proceeding, he may be granted the relief to which the admitted facts show him entitled. Perhaps when respondent drew his answer setting forth the record of the proceedings in the lower court, he was in the same frame of mind as at the time of the oral argument before this court when, in effect, he waived any objection to the remedy.

"With the exception of the case of *Buckley* v. *Superior Court,* 96 Cal. 119, [31 Pac. 8], and a few cases in this state following it, and a case in Utah (*Crooks* v. *District Court,* 21 Utah 98, [59 Pac. 529])—which also follows it, and which like it was decided by a divided court, I have been unable to find any authority holding, as those cases seem to hold, that neither the writ of mandate nor the writ of *certiorari* will lie to review the erroneous dismissal of an appeal from an inferior court. No doubt in some jurisdictions in such a case it would be held that the court had acted, and that therefore *certiorari* and not *mandamus* is the proper remedy. Such was the determination of the court in *Levy* v. *Superior Court,* 66 Cal. 292, [5 Pac. 353], where, for a supposed insufficiency in the undertaking a justices' court appeal was dismissed. The court held that *mandamus* was not the appropriate remedy, and said: 'A mandate that the superior court proceed to a hearing of the appeal on the merits, or to a retrial of the issue, would not annul but simply ignore the order dismissing

the appeal. The order must first be annulled by a direct proceeding—that is by *certiorari*. Such is the remedy when a court has entered a judgment or made an order in excess of its jurisdiction.' The court also said: 'That court can neither give to itself jurisdiction by holding an insufficient undertaking sufficient, nor divest itself of jurisdiction by holding a sufficient bond insufficient.'

"In *Hall* v. *Superior Court,* 68 Cal. 24, [8 Pac. 509], through a mistaken conception of the law a justices' court appeal was dismissed, and an application for a writ of *certiorari* was granted. (See, also, *Hall* v. *Superior Court,* 71 Cal. 550, [12 Pac. 672]; *Carlson* v. *Superior Court,* 70 Cal. 628, [11 Pac. 788].)

"In *Myrick* v. *Superior Court,* 68 Cal. 98, [8 Pac. 648], the justices' court upon motion dismissed the action on the ground that the complaint had not been indorsed 'Filed' as required by law. An appeal was taken upon questions both of law and fact to the superior court, and over an objection the superior court tried the case upon those issues and rendered a judgment. There it was held that the superior court had exceeded its jurisdiction; that the judgment was void and should be annulled.

"In *Null* v. *Superior Court,* 4 Cal. App. 207, [87 Pac. 392], it was held that the superior court having improperly tried an appeal *de novo* from a justices' court, and rendered judgment thereon, such judgment will be annulled upon *certiorari.*

"If an inferior court should make a finding in favor of its jurisdiction, basing the finding on conflicting evidence, it must be conceded that such a determination would be conclusive upon this court; but where there is no conflict in the evidence, thus presenting a clear question of law only, and an inferior court holds that it has jurisdiction when under the uncontradicted evidence it has not, then its judgment may be annulled on writ of review. 'While a writ of review is not a writ of error, and is not a means by which, as upon appeal, the mere manner of conducting the proceedings, the rulings of the court upon questions of evidence, and other matters within the jurisdiction, involving the merits, however erroneous they may be, can be reviewed, it is, nevertheless, a means by which the power of the court in the premises can be inquired into; and for this purpose the review ex-

tends not only to the whole of the record of the court below, but even to the evidence itself where necessary to determine the jurisdictional fact.' (*Schwarz* v. *Superior Court,* 111 Cal. 106, [43 Pac. 580]; *Whitney* v. *Board of Delegates,* 14 Cal. 479.)

" 'In many cases jurisdictional facts may not appear of record, either by failure of the inferior court or officer to follow the requirements of the law 'and make them of record, or because the law does not require it to be done. In such cases this court and all other courts having jurisdiction to review and correct the proceedings of inferior courts, would be powerless, unless it can compel the inferior tribunal to certify to this court not only what is technically denominated the record, but such facts, or the evidence of them, as may be necessary to determine whatever questions as to the jurisdiction of the inferior tribunal may be involved, and the grossest abuses of power, to the great reproach of the law, might be perpetrated with impunity and without the possibility of a remedy.' (*Blair* v. *Hamilton,* 32 Cal. 49. See, also, 6 Cyc. 827; *Stumpf* v. *Board of Supervisors,* 131 Cal. 364, [82 Am. St. Rep. 350, 63 Pac. 663], 4 Ency. of Plead. & Prac., 262; *Los Angeles* v. *Young,* 118 Cal. 295, [62 Am. St. Rep. 234, 50 Pac. 534].)

"The case of *Buckley* v. *Superior Court,* 96 Cal. 119, [31 Pac. 8], is opposed to this doctrine, but the views expressed in the dissenting opinion, concurred in by Beatty, C. J., are warranted, it would seem, by examination of the authorities. Prior to that decision the supreme court of this state had held that the erroneous dismissal of a justices' court appeal was subject to review (*Levy* v. *Superior Court,* 66 Cal. 292, [5 Pac. 353]; *Hall* v. *Superior Court,* 71 Cal. 550, [12 Pac. 672]; *Carlson* v. *Superior Court,* 70 Cal. 628, [11 Pac. 788]). In *Bergevin etc. Co.* v. *Wood,* 11 Cal. App. 643, [105 Pac. 935], it is said that the rule laid down in the Buckley case is 'liable to be pressed so far as virtually to destroy the operation of the writ of review in relation to the proceedings of the superior court.' And the same court in another case (*Pacific Window Glass Co.* v. *Smith,* 8 Cal. App. 762, [97 Pac. 898]) decided that *certiorari* would lie to annul the wrongful dismissal of an appeal from the justices' court. In the case of *Laws* v. *Troutt,* 147 Cal. 174, [81 Pac. 401], this

CLIX Cal.—31

question it appears was again presented, but the case was decided upon another point; nevertheless in referring to the Buckley case it is intimated by the court that the correctness of that decision is doubtful.

"The function of the writs of *mandamus* and review is often much the same; yet under circumstances such as prevail here, and leaving out of consideration the California cases hereinbefore referred to which were reversed by the Buckley case, the writ of *mandamus* has been invariably granted, and when not granted it has generally been because there was another remedy by writ of error or by appeal. (Merrill on Mandamus, sec. 205 et seq.) Here the appeal was perfected, and the superior court had jurisdiction, and it should have proceeded to entertain and decide the cause. Entertaining these views, it is my opinion that the writ of *mandamus* should issue as prayed for."

We now come to the discussion of the merits of the question whether or not the superior court obtained jurisdiction of the appeal. This involves an examination of sections 974, 978 and 978a of the Code of Civil Procedure. The first named section provides that the aggrieved party may appeal at any time within thirty days after the rendition of judgment, and that "the appeal is taken by filing a notice of appeal with the justice or judge and serving a copy on the adverse party." Section 978 is to the effect that an appeal from a justice's court is ineffectual for any purpose without the filing of the undertaking therein prescribed. Section 978a is as follows: "The undertaking on appeal must be filed within five days after the filing of the notice of appeal and notice of the filing of the undertaking must be given to the respondent. The adverse party may except to the sufficiency of the sureties within five days after the filing of the undertaking, and unless they or other sureties justify before the justice or judge within five days thereafter, upon notice to the adverse party, to the amounts stated in their affidavits, the appeal must be regarded as if no such undertaking had been given."

Respondents contend that under the section last quoted the notice of the filing of the undertaking on appeal must be served at the time of such filing so that the adverse party may have five days after the filing and notice in which to except to the sureties. The statute does not so provide. While the

undertaking on appeal must be filed within five days after the filing of notice of appeal, no time is specified during which notice of the filing of the undertaking must be given to the respondent. It is contended, however, that as respondents' five days within which exception to the sureties may be taken runs from the *filing* of the undertaking and not from the *notice* of such filing, appellant might deprive his adversary of the right of questioning the sufficiency of the sureties by the simple device of waiting more than five days before giving notice—that the very object of the code section is to save a successful litigant from the trouble of daily inspection of the justice's record to learn whether or not the losing party has filed an undertaking. Perhaps that was the purpose of the legislature in enacting said section 978a, and perhaps in a case where that question was involved, we might determine that the period of five days allowed respondent for exception to the sureties begins to run only after the service of notice upon him. Such construction would be reasonable and would be just as readily reached under the language of the statutes as one requiring almost contemporaneous filing of an appeal-bond and service of notice on the opposite party. But without reading anything into any of these code sections, we find: 1. That appellant has thirty days from the rendition of judgment within which to appeal; 2. That his first step is the filing of a notice of appeal and service thereof on the adverse party (Code Civ. Proc., sec. 974); 3. That to make his appeal effectual he must file the required undertaking (Code Civ. Proc., sec. 978); 4. That said undertaking on appeal must be filed within five days after the filing of the notice of appeal; 5. That respondent must be given notice of the filing of the undertaking (sec. 978a). All of these things were done by appellant within thirty days after rendition of judgment. Respondent is not here complaining that he had no chance to except to the sureties. Practically, he wishes us to add the word "immediately" at the end of the first sentence of section 978a of the Code of Civil Procedure, so that the latter part of that sentence would read, "and notice of the filing of the undertaking must be given to the respondent immediately." He asks us to interpolate a word in this section that the legislature did not put there, and, after doing so, to declare that jurisdiction of the appeal was never obtained

by the superior court because appellant did not supply the missing word and act upon its direction. We cannot agree with any such contention. The necessary steps to give the superior court jurisdiction of the appeal were all taken. The said appeal was regularly and properly before that court, and petitioner is therefore entitled to a writ of mandate.

Let the writ issue accordingly.

Henshaw, J., Angellotti, J., Shaw, J., Sloss, J., and Lorigan, J., concurred.