## LAMBERT v. CENTRAL BANK OF OAKLAND.*
### No. 8189.

Circuit Court of Appeals, Ninth Circuit.

Sept. 24, 1936.

*Rehearing denied Nov. 16, 1936.

Frederick W. Lake, of Oakland, Cal., for appellant.

Charles A. Beardsley, M. W. Dobrzensky, James H. Anglim, Edward B. Kelly, and Crellin Fitzgerald, all of Oakland, Cal., for appellee.

Before WILBUR, GARRECHT, and DENMAN, Circuit Judges.

WILBUR, Circuit Judge.

The appellant filed her bill in equity in the District Court of the United States for the Northern District of California to enjoin the execution of a judgment of a state court declaring that she is unlawfully in the possession of certain real estate. The basis of her complaint is that the justice's court of Oakland township, which rendered the judgment against her, did not have jurisdiction of the subject-matter of the action for the reason that the action involved the title to real estate of a value exceeding $7,-000. There is no diversity of citizenship. The federal question advanced as a basis of jurisdiction of the federal courts is an alleged denial of due process of law in that the justice's court of the state had no jurisdiction of the subject-matter of the action, and because of the failure of the justice's court to receive evidence.

The bill alleges that the appellant is the owner of certain real estate in Oakland, Cal., therein more ' particularly described by metes and bounds and also by lot numbers, and that the appellee has procured a

956

judgment for her dispossession from the above mentioned justice's court. It is alleged that the judgment is void because given in an action "for the possession of real property." It is alleged that the complaint in that action did not allege the value of the property, but that it was proved at the trial that the value of the real property exceeded seven thousand dollars. It is alleged that the complaint in the justice's court deraigned title in the plaintiff therein through Mary Lambert by a sale to it under a trust deed executed by Mary Lambert, the defendant therein, to secure a debt. It is alleged that appellant answered in the justice's court action denying the allegation of the complaint therein and alleging the value of the premises to be over $1,000. It is alleged that the plaintiff in that action introduced no evidence whatever "of any kind or degree or evidentiary value to support its alleged title, or to prove its allegations of default in said debt," etc. It is·alleged that "no evidence whatever was by plaintiff in said action produced to said trial court to sustain and justify the finding and judgment of that court that plaintiff in said action was or is the owner in fee or at all of said property." It is alleged that by the judgment of the justice's court it was decreed that the Central Bank was the owner in fee of and entitled to the possession of said real property. An appeal was taken from said judgment on questions of law alone (see Cal. Code Civ.Proc. §§ 974, 975), to the superior court of the state of California, and the judgment was affirmed by that court, which it is alleged was the court of last resort in California to which appellant could resort for the protection of ·her rights in said real property. It is alleged by plaintiff that she raised the jurisdictional question in the superior court in the appeal and that it was decided adversely to her. The appellant alleged that "under the statute law of the state of California such an action is without the jurisdiction of any justice's court and such court is expressly prohibited from giving any judgment therein."

■ The trial court, on motion of the appellee, dismissed the action and appellant has appealed from the judgment of dismissal. The appellee moves to dismiss the appeal upon the ground that no bond for costs on appeal has been filed as required by law (28 U.S.C.A. § 869; our rule 16). The trial court, at the time the bill of complaint was filed in the lower court, made an order allowing the appellant to proceed in forma pauperis. The lower court dismissed the case on February 28, 1936. Thereafter, and upon the original affidavit filed for the purpose of obtaining the first order granting leave to proceed in forma pauperis, the trial court ordered that the appeal from the order of dismissal be heard in forma pauperis. If this order was properly made the cost bond on appeal was unnecessary (28 U.S.C.A. § 832). The appellee therefore attacks the validity of the order to proceed in forma pauperis upon the appeal upon the ground that a new affidavit under 28 U.S.C.A. § 832 was necessary for the reason that the first affidavit did not and could not set forth the nature of the appeal or the grounds on which it was based [see Johnson v. Nickoloff (C.C. A.) 52 F.(2d) 1074], and upon the further ground that the appeal is frivolous, and hence that the order was erroneous. If the appeal is not frivolous, we would permit a new and additional affidavit under 28 U.S.C.A. § 832, rather than dismiss the appeal for lack of an appeal bond for costs. See Boggan v. Provident, etc., Co. (C.C.A.) 79 F.(2d) 721. Indeed, such an affidavit has been made and was tendered at the hearing of the motion to dismiss.

■ Is the appeal frivolous? The action is predicated upon the proposition that the justice's court had no jurisdiction of the subject-matter of the action by reason of the fact that the value of the real property involved exceeded the amount over which the justice's court had jurisdiction. The jurisdictional amount is $1,000 (Cal. Code Civ.Proc. § 112, subd. 1), and the value of the property is alleged in the bill to be over $7,000. The justice's court of Oakland township, however, has jurisdiction over "all actions of * * * unlawful entry or detainer where the rental value is ·one hundred dollars or less per month." Cal.Code Civ.Proc. § 112, subd. 1, supra, as amended in 1929 (Cal.Stats.1929, p. 834; Const.Cal. art. 6, § 11a). Such an action applies to one who holds over after a sale under a trust deed given as security. Cal.Code Civ.Proc. § 1161a, subd. 3, added to the Code by amendment in 1929, Cal. Stat.1929, p. 719; Civ.Code Cal. § 2924;· Berkeley Guarantee Bldg. & Loan Ass'n v. Cunnyngham, 218 Cal. 714, 24 P.(2d) 782, 783. Nowhere in the bill of complaint is alleged the rental value of the premises involved. The allegation of the bill that the justice's court did not have jurisdiction

of the action is but a conclusion of law; consequently, we must assume as against the pleader that the rental value of the premises did not exceed $100, the jurisdictional amount over which the justice's court had jurisdiction, and that the action is one in unlawful detainer.

We may add here that the appellee filed in the lower court upon the motion to dismiss, and presents here, an exemplified copy of the proceedings in the justice's and superior court, in the action brought by the appellee against the appellant. It appears therefrom that the action is one in unlawful detainer. That the premises involved is a single apartment (Apartment F) occupied by the appellant, and not the entire real property as alleged by the appellant in her bill, and that the rental value of the premises does not exceed $20 per month. The prayer of the complaint in the justice's court is for the restitution of possession of Apartment F. The certified transcript contains a statement of the evidence introduced in the justice's court prepared by appellant for purposes of the appeal which contains a copy of the deed of trust executed by the appellant and of the deed from the trustee to the appellee of the premises, and testimony with relation to the default of the appellant under the trust deed and a sale thereunder. This record is pertinent to the application of the appellant for leave to file a new affidavit in forma pauperis as a basis for a denial of the motion to dismiss. We refer to the matter here merely to illustrate the fact that much of the appellant's complaint consists of conclusions of law and that the complaint ex industria omits all reference to the jurisdiction of justice's courts over actions of unlawful detainer. Cal.Code Civ.Proc. § 112.

■ The Supreme Court of California has recently decided that the fact that the title to real property is involved in an action for unlawful detainer brought under the provisions of section 1161a, Cal.Code Civ. Proc., supra, does not deprive the justice's court of jurisdiction. Berkeley Guarantee Building & Loan Ass'n v. Cunnyngham, supra, citing Hewitt v. Justice's Court of Brooklyn Township, 131 Cal.App. 439, 21 P.(2d) 641. See, also, Nineteenth Realty Co. v. Diggs, 134 Cal.App. 278, 25 P.(2d) 522.

We take juridical notice of the law of California, and, consequently, of the above-cited decisions of its courts and its statutes.

It may be that appellant contends that the justice's court has no jurisdiction of an action for unlawful detainer even if the rental value is less than $100 per month where the value of the real estate involved is over $1,000; if so, she does not raise or discuss the point.

From the discussion so far it is clear that the question involved is purely one of local law affecting the jurisdiction of local courts which are established and whose jurisdiction is prescribed by the law of the state. In its last analysis the claim of the appellant is that the local courts of California have erroneously interpreted the California law regulating their jurisdiction, and that by reason of this erroneous decision the appellant is deprived of her property without the due process of law required by the Fourteenth Amendment.

■ The appellee contends, and we think correctly, that while due process requires notice, and hence a state judgment may be attacked in the federal courts for lack of such notice, such federal jurisdiction cannot be predicated upon the erroneous assumption of jurisdiction of the subject-matter of the action by a state court where the subject-matter is defined by state law, and notice and opportunity to raise the jurisdictional question is afforded in the state courts, both in the original action and on appeal, or if no appeal is allowed, by petition for writ of prohibition or of certiorari, as is the case in California. Cal.Code Civ. Proc. §§ 1102, 1103, 1108, 1067, 1068; Carlson v. Superior Court, 70 Cal. 628, 11 P. 788; Hall v. Superior Court, 71 Cal. 550, 12 P. 672; Tulare Irr. Dist. v. Superior Court, 197 Cal. 649, 242 P. 725; Hall v. Superior Court, 198 Cal. 373, 245 P. 814; Rickey v. Superior Court, 59 Cal. 661; Broady v. Jennings, 70 Cal.App. 647, 234 P. 120.

This view is sustained in Betts v. Railroad Commission of California (D.C.) 6 F.Supp. 591, a three-judge case. The District Court of the United States in that case declined to enjoin the execution of a decision of the California Railroad Commission, although it was alleged by the plaintiff that he was not a common carrier, and hence that the Railroad Commission had no jurisdiction over him. The District Court in that case held that the finding of the Railroad Commission, affirmed by the Supreme Court of California, was binding upon the plaintiff who had been adjudged by the state court to be a common carrier.

958

This decision was based upon and sustained by the decision of the Supreme Court in Napa Valley Electric Co. v. Railroad Commission, 251 U.S. 366, 40 S.Ct. 174, 64 L. Ed. 310.

In another view, if we assume, as the appellant contends, that the justice's court had no jurisdiction of the subject-matter of the action before it, and that its decision is void under the Fourteenth Amendment, and that the federal courts therefore have jurisdiction to enjoin the judgment for that reason, nevertheless the superior court had jurisdiction of the appellant's appeal from the justice's court, and its decision that the justice's court had jurisdiction is res judicata and binding upon the appellant. In this connection it should be noted that though the proceeding was instituted in the state court it was a case, or controversy, within the appellate jurisdiction of the United States Supreme Court under Fed.Const. art. 3, § 2, and hence appellant has the right to seek review there. Fidelity Nat'l Bank & Trust Co. v. Swope, 274 U.S. 123, 131, 47 S.Ct. 511, 71 L.Ed. 959.

The Supreme Court recently considered a similar situation wherein the jurisdiction of the trial court to enter a judgment was challenged as violating the Fourteenth Amendment because of a failure to give notice of the proposed judgment to the surety company against which the judgment was entered. American Surety Co. v. Baldwin, 287 U.S. 156, 53 S.Ct. 98, 101, 77 L.Ed. 231, 86 A.L.R. 298. In disposing of the matter the Supreme Court, speaking through Justice Brandeis, said: "The surety company was at liberty to resort to the federal court regardless of citizenship, because entry of the judgment without notice, unless unauthorized by it, violated the due process clause of the Fourteenth Amendment. Compare National Exchange Bank v. Wiley, 195 U.S. 257, 25 S.Ct. 70, 49 L. Ed. 184; Cooper v. Newell, 173 U.S. 555, 19 S.Ct. 506, 43 L.Ed. 808. And it was at liberty to invoke the federal remedy without first pursuing that provided by state procedure. Simon v. Southern Ry., 236 U. S. 115, 35 S.Ct. 255, 59 L.Ed. 492; A., T.

& S. F. Ry. Co. v. Wells, 265 U.S. 101, 44 S.Ct. 469, 68 L.Ed. 928; Firestone Tire & Rubber Co. v. Marlboro Cotton Mills (C.C. A.) 282 F. 811, 814. But an adequate state remedy was available; and, having invoked that [remedy] and pursued it to final judgment, the surety company cannot escape the effect of the adjudication there. Compare Mitchell v. First National Bank, 180 U.S. 471, 480, 481, 21 S.Ct. 418, 45 L. Ed. 627; Lion Bonding Co. v. Karatz, 262 U.S. 77, 90, at pages 166, 167, 43 S.Ct. 480, 67 L.Ed. 871." It is clear from this decision that when the appellant elected to appeal to the superior court with its right ultimately to seek review in the Supreme Court of the United States, it was bound by the decision of that court sustaining the jurisdiction of the justice's court.

As to the allegation of a lack of evidence to sustain the judgment of the justice's court, it is sufficient to say that if we ignore the statement of evidence above referred to, the appellant had the option to appeal from the judgment on both the law and the facts (Cal.Code Civ. Proc. § 974), and in such event to try the case de novo in the superior court (Cal.Code Civ.Proc. § 976). Having elected to appeal on questions of law alone, she is in no position to complain of a lack of evidence in the justice's court, and is bound by the judgment of the superior court on appeal.

The appellant cites and quotes many cases. Some of these quotations standing alone tend to sustain its theory that jurisdiction of the subject-matter is essential to due process, but these excerpts must be construed in the light of the proposition that where the facts which determine jurisdiction are in dispute, the court in which the action is pending has the power to decide in favor of its jurisdiction upon the controverted facts. Such decision, if erroneous, is binding except on appeal.

We conclude that there is no substantial federal question involved, and consequently that neither the lower court nor this court has jurisdiction and that the order of dismissal was proper.

The order of the trial court is affirmed.