(75 N. W. Rep. 786.)

---

## The State of North Dakota *vs.* John McKnight.

Opinion filed May 10th, 1898.

#### Bastardy—Appeal—Dismissal—Grounds—Review.

*Held*, that a motion to dismiss an appeal taken from the District Court to this court cannot be sustained upon either or all of the following grounds: (1) On the ground that the specifications incorporated with the statement of the case are insufficient in form or are omitted entirely; (2) on the ground that no assignments of error are made in the appellant's brief or that an attempted assignment therein is insufficient; (3) on the ground that the statute under which the action is commenced is unconstitutional.

#### Complaint—Probable Cause.

Section 7840, Revised Codes, examined. *Held*, that said section is not repugnant to section 18 of the state constitution. When, under said statute, a complaint in writing on oath, which is sufficient in both form and substance, is filed with the justice of the peace, such complaint constitutes a sufficient showing of probable cause to justify the issue of the warrant, without having recourse to other or extraneous evidence of probable cause.

### Evidence Sustains Findings.

> Evidence examined and findings sustained. *Held* that, this court being in doubt as to the preponderance of the evidence, the same, being in equilibrio, will turn the scale in favor of the holding of the trial court, who saw the witnesses and heard them testify.

Appeal from District Court, Ransom County; *Lauder*, J.

Bastardy proceedings against John McKnight. Defendant had judgment, and the state appeals.

Affirmed.

*P. H. Rourke*, and *C. W. Buttz*, for the state.

*Morrill & Engerud*, for respondent.

WALLIN, J. This action was instituted under the provisions of the statute regulating bastardy proceedings. See Revised Codes, sections 7839–7856. The complaint and warrant are framed in conformity to the requirements of the statute, nor does the defendant contend that either the complaint or warrant is insufficient in substance or form.

After his arrest upon the warrant, the defendant gave bail for his appearance at the next ensuing term of the District Court, and thereafter all proceedings in the action, prior to its appeal, were had in the District Court. Issue was joined by answer to the complaint, which denied all of its material allegations. A jury trial was expressly waived, and the action was tried to the court as a civil action. As facts, the court found that the child of the complainant, when born, was fully developed, and that the defendant was not the father of such child. A statement of the case, embracing the evidence and proceedings had at the trial, was settled below, and the whole case is before this court for trial anew.

In this court the respondent has filed a motion to dismiss the appeal, which motion was submitted by counsel in connection with the entire case on the merits. The grounds of the motion may be condensed as follows: First, that the statement does not contain a sufficient specification showing wherein the evidence is insufficient to justify the particular findings of fact which are

assailed; second, that the assignments of error, as contained in the brief of the appellant, fail to conform, in certain respects pointed out, to the requirements of the rule of this court regulating assignments of error.

These two grounds are wholly untenable, and furnish no basis for a motion to dismiss an appeal. from the District Court to this court. The entire absence of any specifications of error in a statement of the case, or of any assignments of error in the brief of the appellant, would furnish no ground whatever for dismissing an appeal to this court. Such defects in procedure have reference only to the questions which may be raised upon the record after the case reaches this court. The appeal is taken and perfected by the notice and undertaking as prescribed in the statute governing appeals. An appeal to this court will not be dismissed, and never has been, on the ground of any irregularities or defects which the record discloses in the preparation of the statement of the case or the abstracts or briefs filed in this court. It is true that rule 29 of the amended rules of this court (6 N. D. xxvii, 74 N. W. Rep. xi.) authorizes the court, at its discretion, to dismiss an appeal for a noncompliance with the rules of court within the "time prescribed." Under this rule, a motion to dismiss an appeal will lie for dilatoriness in serving abstracts and briefs, but does not lie for imperfections in either.

One further ground of the motion is urged, viz. that the law under which the action was instituted is unconstitutional, and hence that all proceedings had under it are null and void. We are of the opinion that this ground of the motion to dismiss is likewise untenable. It is quite true that an action based upon a statute which is wholly unconstitutional will be dismissed whenever the fact is so determined. It is, however, in many cases, very difficult to determine whether a statute is or is not in violation of organic law. The question is strictly one going to the merits, whereas a motion to dismiss an appeal is purely preliminary, and goes upon the theory that for some reason the court is without jurisdiction to determine the merits. *Hall* v. *Superior*

*Court*, 68 Cal. 24, 8 Pac. Rep. 509; *Carlson* v. *Superior Court*, 70 Cal. 628, 11 Pac. Rep. 788. But the question of the constitutionality of the act is one going to the foundation of the action, and we deem it proper, therefore, to pass upon it in disposing of the case upon the merits. The contention of counsel is based entirely upon that feature of section 7840 of the statute which declares that "upon the filing of the complaint the magistrate shall issue a warrant." Counsel's position is that, inasmuch as this statute is mandatory, it violates sections 13 and 18 of the state constitution, which sections, taken together, secure to the suitor due process of law and immunity from arrest, except upon warrants issued upon probable cause. We are unable to see wherein this statute deprives the defendant of "due process of law," which in this connection means the usual protection of the law of the land. Under this statute, the court must proceed according to the ordinary rules of judicial inquiry, and certainly judgment can be rendered in this class of cases only after a trial had in due course. All proceedings governing trials and appeals in civil actions in the District Court, including the right of trial by jury, are expressly secured to the litigants by the very terms of the act. We see nothing in this feature of the defendant's contention worthy of further attention.

But counsel lays greatest stress upon the point that the justice, as he claims, is arbitrarily required by the statute to issue a warrant, and is not permitted to enter into any inquiry as to probable cause for issuing the same before its issue. This argument ignores certain important requirements of the law. The warrant does not issue upon the mere arbitrary will of the magistrate. There are certain definite prerequisites to its issue under the statute: First, there must be a complaint in writing, under oath, filed with the magistrate; second, such complaint is required to be in a prescribed form; third, the averment of the facts necessary to constitute the cause of action must be positive, and not made on information and belief, and must be made by the female who has or will give birth to the child. Until such complaint is

filed, the justice is without authority to proceed, and, when such complaint has been filed, we think a showing of probable cause of some degree of strength has been made. If the affidavit is true as to its substantial averments, it is manifest that a warrant should issue, and the case be investigated by a court having jurisdiction to hear the merits. There is certainly no presumption that such an affidavit will be false, but, on the contrary, the affidavit, until it is otherwise shown, must, in theory at least, be presumed to be true. If true, probable cause will be shown by its terms for issuing the warrant. Under the statute, the District Court alone can inquire into and decide the merits of the case. Nor can a justice of the peace act, even as a committing magistrate, in this class of cases. The justice can only initiate the action by the issue of a warrant, and thereafter he can do nothing in the case except certain purely incidental and formal matters, as he may be called upon to do in connection with giving bail or with returning the papers to the District Court. In fact, it is the obvious purpose of the statute to require the accused to give bail for his appearance before the District Court, as is done in other civil actions based upon wrongs. The justice has no connection whatever with the case after bail is given, or, failing in that, after the accused is committed to await the trial. The policy of the statute is to divorce the magistrate who issues the warrant from all connection with the merits of the case, not even allowing him to conduct a hearing of the merits for the purposes of a preliminary examination, with a view to commit or discharge. We think this class of cases comes clearly within the principle of the tort cases enumerated in section 5304 of the Revised Codes, and wherein, at the inception of the action, an order of arrest may be made by a Judge of the District Court. *Id.* sections 5305, 5306. In these cases there is no inquiry as to probable cause for an arrest of the defendant other than that involved in a mere inspection of the affidavit which is presented as a basis for the order. The order is issued as of course, if it appears from the affidavit that a sufficient cause of action exists, and that it

arises under section 5304 of the Code. In such cases an affidavit upon information and belief will furnish a sufficient basis for the order, if the facts upon which the belief is founded are set out. This goes further than the statute with which we are dealing in this case, inasmuch as no arrest can be made under the bastardy act without an affidavit which is positive in its affirmation of the controlling facts. It is true that, under the arrest and bail statutes, a motion may be made to vacate the order of arrest for certain reasons; but, so far as we have examined, no case has been found in which the order of arrest has been vacated for the reason that the judge who made the order did so upon a naked affidavit, and without any extraneous inquiry touching the matter of probable cause. We think no such authority can be found. Nor does counsel claim that the fact that the statute in question does not provide for a preliminary examination before trial render it repugnant to any provision of the constitution. In fact, no such right is guarantied by the constitution. In brief, we have found no authority—and counsel has certainly cited none—sustaining the appellant's contention upon this feature of the case. We think no well considered case can be produced holding that a fuller showing of probable cause is necessary to meet the constitutional requirement than was actually made upon the face of the complaint in this case, which was filed before the warrant issued. Our conclusion is that the warrant issued upon probable cause supported by an oath. This is all the constitution requires. Constitution section 18. Whether it would be expedient to amend section 7840 of the bastardy act, so as to permit a further examination of the question of probable cause before a warrant issues, is purely a question of legislative discretion. Such an amendment would in a degree mitigate the somewhat drastic features of the enactment; but, in our opinion, this section is constitutional as it stands. This brings us to the merits. We find that the specifications in the statement, as applied to the findings of fact, are sufficient to authorize the

court to re-examine such findings, with a view of ascertaining whether the same are justified by the evidence. We shall not attempt to detail the evidence, for the reason that to do so is unnecessary, and would perhaps be improper in a case like this. The evidence of the defendant and the complaining witness is squarely in conflict upon the principal question of fact in issue, viz. the question of the defendant's paternity of the child. We do not care to enter into the somewhat doubtful question, which some courts have discussed, touching the relative credibility of the defendant and the complaining witness, considered with respect to their respective interests in the result of the litigation. It is certain that both have grave interests at stake, but how far such interest would affect credibility we would prefer, without announcing any inflexible rule, to relegate to the court or jury which saw and heard the witness as they gave their testimony at the trial. In this case some light is cast upon the main contention of fact by evidence not coming from the parties chiefly concerned in the result. The amended answer charges that the complainant was carnally intimate with one K. in the months of July, August, September, October and November, 1896. K. was not present at the trial, but, to avoid a continuance, defendant admitted that if he were present he would testify that he never had sexual intercourse with the complainant, but, on the contrary, that he had witnessed an act of sexual intercourse between the defendant and the complainant. There is considerable evidence that the complaining witness and said K. were frequently in company with each other during the summer and fall of 1896, and that they seemed to be quite familiar, if not lovers. They were often together, and once, as the testimony shows, were seen reclining together upon a bed in the bedroom of the complainant, in the daytime, his arm then and there being around the neck of the complainant. This intimacy and evidently strong liking for another than the defendant, during the period covering the period of the conception of the child, certainly militates somewhat against the theory of the defendant's paternity of the child. It would seem

quite unnatural that the complainant would forsake the embrace of her lover who was her social equal, in order to bestow unlawful favors upon the defendant, with whom it is not claimed that any such relation existed. The complainant nowhere pretends that the defendant, a son of her employer, ever was her lover, or ever courted her in any honorable way. The child, when born, was normally developed, and the birth occurred June 3, 1897. The complaint alleged that it was conceived on or about October 25, 1896, which would be seven months and nine days prior to the date of birth. At the trial she adhered to October 10th as the date of the conception and the first intercourse, but it appears that the defendant left the neighborhood on the morning of the 10th, and it was thereupon agreed that the plaintiff, who had testified, but was then too ill to come into court, would testify, if in court, that she had had intercourse with defendant on two occasions before he left the neighborhood, and on or about the 7th, 8th, 9th, or 10th of October, 1896. These discrepancies further weaken the testimony of the complainant.

As we have stated, the case comes before us for a trial *de novo*, under the constraint of the statute which does not permit us to grant a new trial on the ground of the insufficiency of the evidence. We are compelled, therefore, to either affirm the judgment of the court below, or, on the other hand, reverse the same, and direct the entry of a judgment against the defendant, and thereby adjudge that he is the father of the child. With this alternative before us, while we have some doubts as to the preponderance of the evidence, we conceive it to be our duty to resolve our doubts in favor of that view of the evidence which was taken by the court below, where the witnesses appeared in court, and where their demeanor could be more carefully weighed and considered than it is possible in this court to do.

Our conclusion is that the judgment of the District Court must be affirmed. All the judges concurring.