## STATE v. REED.

### Opinion delivered June 30, 1900.

DENTISTRY—PRACTICING WITHOUT LICENSE.—Under Sand. & H. Dig., § 4973, making it unlawful to practice dentistry without a certificate from the board of dental examiners, provided that the act should not be con-strued to prevent any person from extracting teeth when no charge is made therefor, a student of dentistry who without such certificate per-formed dental work under the direction of a licensed dentist, and charged and received pay therefor, is guilty of practicing dentistry without a certificate. (Page 332.)

Appeal from Clark Circuit Court.

JOEL D. CONWAY, Judge.

*Jeff Davis, Attorney General,* and *Chas. Jacobson,* for ap-pellant.

*J. H. Crawford,* for appellant.

BUNN, C. J. This is an indictment for practicing dentistry without first obtaining a certificate from the board of dental examiners. The evidence showed that defendant was, at the time of the commission of the alleged offense, a student under Dr. Milam, a regular practicing dentist of the city of Arka-delphia. The evidence also showed two instances in which de-fendant while so engaged had performed dental work, and both apparently under the advice of Dr. Milam, defendant perform-ing the mechanical work—one in extracting teeth, and the other in filling teeth—and that for the first work nothing was charged or received by him, but that for the latter work he charged and received the sum and fee of $10.

The court instructed the jury as follows, to-wit:     (1) If you believe from the evidence that this man practiced dentistry without obtaining license, as the law directs, within twelve months before the finding of this indictment, you should find the defendant guilty, and assess his punishment at not less than $10 nor more than $100.     (2) If, upon the other hand, you believe the defendant was in there learning dentistry, and was working under Dr. Milam's direction and advice, it will be your duty to say, 'We, the jury, find the defendant not guilty.'     (3) If the defendant had set up as a regular practicing dentist, he would be guilty; but if he were there learning the business under Dr. Milam, practicing under his directions and his advice, he is not guilty."

These instructions, it will be observed, leave out the charging and receiving pay for the work as an element of the crime. The statute (Sand. & H. Dig.) defining the crime is in these words:     "Section 4973.     It shall be unlawful for any person to practice or attempt to practice dentistry, or dental surgery, in the state of Arkansas, without first having received a certificate from the board of dental examiners; *provided*, this shall not be construed as preventing any regular licensed physician from extracting teeth, nor to prevent any other person from extracting teeth when no charge is made therefor by such persons."

From the language of the act under which this indictment was found, it is impossible to escape the conclusion that the performance of dental work, and charging and receiving pay therefor, is practicing dentistry.     The theory of the trial court seems to have been that, notwithstanding this, yet, as the defendant was, when he did this work, a mere student, and doing his work under the direction of Dr. Milam, a licensed dentist, he was not answerable to the law on the subject.     It must be noted, however, (if this is any defense at all), that while this relation existed between the defendant and Dr. Milam at the time, so far as the dental work was concerned, yet the charge for the same was not made in the name of Dr. Milam, nor was the pay received for him.     The charge was made by the defendant for himself, independent of Dr. Milam, and so was the pay

received by him. The second and third instructions given by the court were therefore erroneous, and, being excepted to by the prosecuting attorney, a new trial should have been granted for that reason.

The refusal of the court to give an instruction in the language of the statute at the instance of the state was not error, for two reasons: *First*, the first instruction given was substantially the same as if it had been expressed in the language of the statute. *Secondly*, an instruction merely in the language of the statute, under the circumstances, would not have been any assistance to the jury, for the object was to instruct them as to the legal meaning of certain words in the act,— that is, to inform them what constituted a practicing of dentistry under the act.

But for the error named in the outset the judgment is reversed, and the cause remanded for a new trial.