JAMES M. CASTNER v. CHICAGO, BURLINGTON & QUINCY RAILROAD Co., Appellant.

**Evidence:** ADMISSIONS. In an action against a railway company for damage caused by fire, it is competent to permit plaintiff to testify that a letter written by him to the company definitely stating the amount of his claim was in fact written to secure a

compromise and not intended as an accurate statement of his damage, as affecting its weight as an admission.

**Proof of admissions:** INSTRUCTIONS. Where there is both oral and written evidence of an admission, an instruction in relation to the weight to be given the same should point out the distinction between the two forms of proof; and where the jury is told that oral evidence of an admission should be received with caution, they should also be instructed that when the admission is clearly identified such evidence is often of a satisfactory nature.

**Same.** A deliberate written statement over a party's own signature inconsistent with a subsequent claim is provable not merely to discredit his testimony but as substantive proof against him, and is not subject to the rule governing verbal admissions.

**Damages:** EVIDENCE. Where the plaintiff sought to show that his meadow had been permanently injured by fire which consumed the grass, it was competent for defendant to prove that land some distance away but similarly situated which had been burned over at about the same time was uninjured.

*Appeal from Monroe District Court.*— HON. C. W. VERMILLION, Judge.

MONDAY, FEBRUARY 13, 1905.

ACTION to recover damages for fire set out by defendant's locomotive engine. Verdict for $463. From judgment on the verdict, defendant appeals.—*Reversed.*

*T. B. Perry* and *N. E. Kendall,* for appellant.

*Clarkson & Bates,* for appellee.

McCLAIN, J.— The claim of plaintiff was for the destruction of standing grass, two stacks of straw, and a fence, and for permanent damages to the meadow on which the grass was standing. On behalf of defendant there was evidence tending to show admissions made by plaintiff soon after the fire, fixing the amount of his damage at $273;

and it was further shown that two weeks after the fire he wrote to the division superintendent of defendant the following letter, which related to his damage from the fire in question:

"Dear Sir:   July 13th, 1901, fire from freight train destroyed over 30 tons of hay for me, together with two straw stacks, 304 rails, and 15 or 20 posts; altogether of the value of near 300.00.   It was reported at the time by your section boss, and I have been waiting for some one to come and see after my loss."

Over defendant's objection, the plaintiff was allowed to testify as a witness that this letter did not state the full amount of his actual loss, and that it was written for the purpose of securing from defendant a compromise and avoiding litigation, and that it did not include any claim for permanent damage to the meadow. It is to be noticed also in this connection that the plaintiff in his testimony estimated the number of tons of hay destroyed as larger than the number stated in the letter and 'in the 'oral claims which he made immediately after the fire in conversation with the officers of the defendant.   The oral demands and the letter were not, of course, conclusive on plaintiff as to the amount of his damage, and did not estop him from showing a larger amount of actual loss; but they were admissible as tending to contradict the truthfulness of the claims made in his testimony on the stand.   It was sought, therefore, to lessen the effect of the statements in the letter by having the plaintiff testify that it was written by way of offering a compromise.   If, in fact, it was an offer of compromise, then it was not entitled to any consideration as against the proof of the actual amount of damage, for it is, of course, well settled that an offer made for the purpose of a compromise of litigation is not an admission.   But the claim of defendant is that there is nothing in the letter itself to indicate that it contains an offer for 'the purpose of compromise merely.   It purports to state the amount of plaintiff's

·1. EVIDENCE: admissions.

claim, and there is nothing in it to indicate that he was claiming less than the full amount of his loss for which the defendant was liable. But, as affecting the weight of the letter as an admission, we think it was competent to show that it was written with the uncommunicated intention of securing a settlement, and not as a true statement of plaintiff's damages.

The only instruction given by the court with reference to the letter and the oral statements of plaintiff to the defendant's agents, made soon after the fire, was the following:

(11) The admission of a party to a suit, when made deliberately, and with full understanding of the matter to which such admission relates, often affords satisfactory evidence; but, as a general rule, the statements of witnesses as to the verbal admissions of a party should be received by the jury with great caution, as that kind of evidence is subject to imperfections and mistake. But any statement made by the plaintiff as to the amount of his alleged damages which was at the time stated to be an offer of compromise, cannot be considered as an admission of plaintiff of the amount of his alleged damages.

2. PROOF OF ADMISSIONS: instructions.

The instruction is plainly erroneous and misleading in referring to the effect to be given to the letter and oral admissions. In the first place, it draws no distinction between oral admissions established only by the testimony of a witness who heard them, and written admissions, confessedly made by the party himself; that is, established by writing over his own signature. As to oral admissions the rule of the instruction is not open to serious criticism, althought it tends to deprive them of the weight to which they are entitled when clearly proven. The language of Greenleaf, which is to some extent embodied in this instruction, is in full as follows:

With respect to all verbal admissions, it may be observed that they ought to be received with great caution. The evidence, consisting as it does in the mere repetition of oral statements, is subject to much imperfection and mistake; the

party himself either being misinformed, or not having clearly expressed his own meaning, or the witness having misunderstood him. It frequently happens, also, that the witness, by unintentionally altering a few of the expressions really used, gives an effect to the statement completely at variance with what the party actually did say: But where the admission is made and precisely identified, the evidence it affords is often of the most satisfactory nature. 1 Greenleaf Evidence, Section 200.

The thought of the last sentence quoted from Greenleaf is not given full force by the instruction, which states that, as a general rule, " the statements of witnesses as to verbal admissions of a party should be received by the jury with great caution." And the instruction is especially objectionable under the evidence which is found in this record, for the plaintiff does not deny that in his conversations with the agents of defendant soon after the fire he fixed his damage at $273. We think that such oral admissions, being substantially made out by the testimony of plaintiff, as well as that of defendant's witnesses, were entitled to very considerable weight as against his subsequent testimony that the total amount of his loss from the same fire was over $700.

The instruction is, however, wholly inadequate and misleading as to the weight to be given to plaintiff's letter containing a deliberate statement over his own signature as to the amount of his loss. Such a written admission is provable not merely as discrediting

3. SAME.

the testimony of the party as a witness, but as substantive evidence against him. 1 Greenleaf, Evidence (16th Ed.) section 170a. As stated by Prof. Wigmore in his recent treatise: " Anything said by the party may be used as against him as an admission, provided it exhibits the quality of inconsistency with the facts now asserted by him in pleadings or in testimony." 2 Wigmore, Evidence, section 1048. "Admissions are receivable primarily because of their inconsistency with the party's present claim, and irrespective of their credit as asser-

tions." Id. section 1049. "An admission * * * is nothing but a piece of evidence discrediting the party's present claim, and tending to prove the fact of its incorrectness." Id. section 1056. It is plain, therefore, that a written admission shown to have been made by the adverse party, and inconsistent with his claim, is substantive evidence, and not subject to the rule which is applicable to verbal admissions established only by the testimony of witnesses with reference to statements in general which would otherwise be hearsay, and which are, by Greenleaf's language, subject to some discredit because of the uncertainty of such testimony. The instruction of the court is open to the same objection as the one criticised in *Hawes v. Burlington, C. R. & N. R. Co.,* 64 Iowa, 315, on the ground that it contained no direction as to what the rule would be if the admission was deliberately made and understood at the time.

Plaintiff sought by his own testimony and the testimony of other witnesses to show that his meadow had been permanently damaged by the fire which consumed the grass standing thereon, and defendant sought to meet this evidence by the testimony of a witness who owned land some miles distant, which had been burned over at about the same time of year, and under similar circumstances, that his meadow was not permanently injured by such burning, but was better the next season than it had been before. This testimony, if admitted, would have tended to show that plaintiff's loss, so far as his meadow was concerned, did not exceed the value of the grass standing thereon which was destroyed, and for which he asked compensation on the basis of its value for hay. The court sustained an objection to the admission of such testimony on the ground that the two pieces of land were not shown to be similarly situated. But we think this objection was not well taken. The admissibility of this evidence as bearing on the question whether the burning of standing grass on a meadow permanently impairs its value, by the

4. DAMAGES:
   evidence.

destruction of the grass roots, did not depend on whether the two pieces of land were in proximity to each other, but upon similarity of conditions. We think that the testimony as to the condition of the witness' land when it was burned tended to show that it was substantially in the same condition, with reference to the damage which would be inflicted upon it by burning the grass standing thereon, as the land of plaintiff, as it was described by himself and other witnesses produced by him. The testimony should therefore have been received. *Bradley v. Iowa Central R. Co.,* 111 Iowa, 562; *Swanson v. Keokuk & W. R. Co.,* 116 Iowa, 304.

It is evident that the errors above referred to could have affected only the amount which the jury should allow plaintiff in excess of the amount stated in his admissions, for in his oral and written claims he said nothing as to permanent injury to his meadow. We do not say that he was not entitled to recover for such permanent injuries, notwithstanding his injuries may not have been apparent or known to him at the time his claims were first made — that is, within two weeks after the fire; and, if the competent evidence offered by the defendant had been received, and the effect of plaintiff's admission properly explained, it may well have been that the jury could and would have allowed to the plaintiff more than the amount which he first claimed. But as to the number of tons of hay which could have been gathered from plaintiff's land had the grass not been destroyed by fire, and as to the value of the hay which was thus destroyed, we think the admissions were entitled to great weight. However, as the errors committed related only to the amount which plaintiff should recover beyond the amount originally claimed by him, we will allow the plaintiff, if he so elects, to have judgment in this court for $300 and interest from the time of the fire. If he does not elect within 60 days from the filing of this opinion to take judgment for this amount, then the case will be remanded for a new trial. The costs of the appeal will be taxed to the appellee. — *Reversed.*