# THE STATE OF NORTH DAKOTA v. ED. RAMSEY.

## (154 N. W. 731.)

**Warrant of arrest — motion to quash — county court — criminal complaint — verification — by complainant — no personal knowledge of the facts — properly denied.**

1. A motion to quash a warrant of arrest is properly denied where such warrant was issued out of a county court based upon a criminal complaint in all respects regular, and which is verified by the oath of the complaining witness, although it is made to appear that such witness had no personal knowledge of the facts at the time of making such complaint.

**Criminal complaint — form of, must be positive — personal knowledge of complainant of facts not required.**

2. Section 18 of the Constitution of North Dakota, which provides that ". . . no warrant shall issue but upon probable cause, supported by oath or affirmation . . ," construed and held not to require actual, personal knowledge of the person taking such oath or affirmation, but merely that the complaint shall be positive in form, instead of upon information and belief, and shall be verified as aforesaid.

**County courts — increased jurisdiction — criminal complaints in — information — preliminary hearings — committing magistrate.**

3. Criminal prosecutions may be instituted in the county courts having increased jurisdiction by the filing of a complaint as distinguished from an information. The filing of an information is contemplated only in cases where a preliminary examination is had before a committing magistrate and the accused bound over to the county court.

**Veterinary dentistry — license — practising without — services — fees for — evidence of.**

4. In a prosecution for wilfully and unlawfully practising veterinary dentistry without a license, evidence is admissible showing that the accused charged and collected a fee for his services, although the collection of a fee is not made an essential element of the offense.

**Veterinary dentistry — practising without license — board of veterinarians — secretary of — records — identification — license not issued.**

5. In a prosecution for practising veterinary dentistry without a license, it was competent to show by the secretary of the state board of veterinarians and by his records, properly identified, that no license had been issued to the accused.

Veterinarian — license fee — for right to practise — secretary of board — evidence.

6. In a prosecution for practising veterinary dentistry without a license, it was competent for the secretary of the state board of veterinarians to testify to the nonpayment by defendant of the statutory fee for a license.

Instructions — jury — correctness.

7. Certain instructions to the jury complained of are examined and held correct.

Instructions — requests for — charge of court — refusal of court.

8. Certain requests for instructions examined and held properly refused. Where requests for instructions are either substantially covered in the charge as given, or mistake the law, or, for any reason, their refusal is nonprejudicial, error cannot be successfully assigned thereon.

Opinion filed October 20, 1915.

Appeal from the County Court of Cass County, *A. G. Hanson,* J.

From a judgment of conviction for the crime of practising veterinary dentistry without a license, defendant appeals.

Affirmed.

*Taylor Crum,* for appellant.

An affidavit upon information and belief is insufficient upon which to base constructive criminal contempt proceedings, and gives no jurisdiction. State ex rel. Harvey v. Newton, 16 N. D. 154, 112 N. W. 52, 14 Ann. Cas. 1035.

So, also, an affidavit for a search warrant must be made by one with knowledge of the facts, and should be positive in form. State ex rel. Register v. McGahey, 12 N. D. 545, 97 N. W. 865, 1 Ann. Cas. 650, 14 Am. Crim. Rep. 283; State v. Gottlieb, 21 N. D. 183, 129 N. W. 460; State v. Cropper, 4 Kan. App. 245, 45 Pac. 131; State v. Blackman, 32 Kan. 615, 5 Pac. 173.

The motion to set aside the warrant in this case should have been granted. State v. Gleason, 32 Kan. 245, 4 Pac. 363, 5 Am. Crim. Rep. 172.

A charge verified upon information and belief is good for all purposes except for the issuance of a warrant to bring the defendant into court. State v. Moseli, 49 Kan. 142, 30 Pac. 189.

"The complaint must set up the facts constituting the offense on the *knowledge* of the person who makes it, and, if he does not know them,

other witnesses must be examined who do know them, and no person can be arrested on the mere belief of the person making the complaint. The liberty of the citizen is not held upon so slender a tenure as that." People v. Heffron, 53 Mich. 527, 19 N. W. 171; Ex parte Dimmig, 74 Cal. 164, 15 Pac. 619; Swart v. Kimball, 43 Mich. 443, 5 N. W. 635.

There is a distinct statutory difference between a complaint and an information. This is apparent from the statutory provisions. Comp. Laws 1913, §§ 10525–10527, and 10684.

A warrant may be issued by the county court *only,* for a person against whom an information has been filed. Comp. Laws 1913, § 8962.

The term "complaint" is a technical one, descriptive of proceedings before magistrates. 12 Cyc. 290.

A prosecution by information implies and means one by the public prosecuting officer, and from a presentment or indictment which is the method of accusation by the grand jury. 12 Cyc. 290, 291, note 28.

Our law has no provision concerning "charging and receiving pay" by one who does work along the line of veterinary dentistry. Comp. Laws 1913, § 2716; Sackett, Instruction to Juries, § 4810, note 16.

"The performance of dental work, and the charging and recovering therefor, is practising dentistry" (Texas Statutory Rules)—but there is no such showing in this case. Aldenhoven v. State, 42 Tex. Crim. Rep. 6, 56 S. W. 914.

To "practise" is to exercise a calling, trade, or profession. People Use of State Bd. of Health v. Blue Mountain Joe, 129 Ill. 370, 21 N. E. 925; French v. Parker, 16 R. I. 219, 27 Am. St. Rep. 733, 14 Atl. 872; Rawlinson v. Clarke, 14 Mees. & W. 187, 14 L. J. Exch. N. S. 364.

To make a single sale of land, under brokerage laws, does not make one a broker. Jackson v. Hough, 38 W. Va. 236, 18 S. E. 576; Hart v. Folsom, 70 N. H. 213, 47 Atl. 603.

The practice of medicine is defined by our Code, and the fee element is included. Comp. Laws 1913, § 463.

Dentistry as applied to human beings is also defined, and we there find the fee element. Comp. Laws 1913, § 509.

*Arthur W. Fowler,* State's Attorney, and *Wm. C. Green,* Assistant State's Attorney, for respondent.

It is clear that a complaint must, in order to show probable cause, be a statement of facts, supported by oath or affirmation. Such was the condition in this case when application for a warrant of arrest was made. State v. McKnight, 7 N. D. 444, 75 N. W. 790; State v. Longstreth, 19 N. D. 268, 121 N. W. 1114, Ann. Cas. 1913D, 1317.

Cases where complaints alleged facts merely on information and belief, and were so verified, are *not in point*. State v. Collins, 8 Kan. App. 398, 57 Pac. 38; Alderman v. State, 24 Neb. 97, 38 N. W. 36; State v. Stoffel, 48 Kan. 364, 29 Pac. 685; People v. Staples, 91 Cal. 23, 27 Pac. 523; Com. v. Mallini, 214 Pa. 50, 63 Atl. 414; State v. Etzel, 2 Kan. App. 673, 43 Pac. 798; State v. Crombie, 107 Minn. 171, 119 N. W. 660; Potter v. Barry, 156 Mich. 183, 120 N. W. 586.

The true meaning of the word "practise" as used in the law under consideration is "to perform any act or acts of the art or science defined." Our law does not require one act, or two acts, or frequent acts. State v. Blumenthal, 141 Mo. App. 502, 125 S. W. 1188; State v. Crombie, 107 Minn. 166, 119 N. W. 658.

FISK, Ch. J. Appellant was convicted in the county court of Cass county of the crime of wilfully and unlawfully practising veterinary dentistry without first procuring a permit or certificate authorizing him so to do, and he has appealed to this court from the judgment of conviction, alleging numerous assignments of error, which will be considered in the order presented.

The first assignment challenges the correctness of the ruling denying appellant's preliminary motion to quash the warrant of arrest. This motion was predicated upon the fact, which was developed through an examination of the complaining witness, that such witness at the time of making his complaint, which is sworn to positively, had no personal knowledge of the facts. It is argued that § 18 of our state Constitution was thus violated. This section reads: ". . . No warrant shall issue but upon probable cause, supported by oath or affirmation, particularly describing the place to be searched and the persons and things to be seized." We are so clear that appellant is in error in urging the above contention that we deem an extended discussion of the point unnecessary. We deem the cases of State v. McKnight, 7 N. D. 444, 75 N. W. 790; and State v. Longstreth, 19 N. D. 268, 121 N. W. 1114, Ann.

Cas. 1913D, 1317, in point and controlling, and we adopt and reaffirm the reasoning and conclusions in those cases. See also Potter v. Barry, 156 Mich. 183, 120 N. W. 586. If appellant's contention were sound, many criminals would be immune from arrest and prosecution merely because of the fact that there are no persons having *personal or positive knowledge* connecting the accused with the commission of the crime, although there might be many persons possessing information of a nature sufficient to satisfy their minds to a moral certainty of the guilt of the accused. It is clear that the framers of the Constitution in adopting § 18 never intended that the "oath or affirmation" therein mentioned should in all cases be based upon nothing but actual personal knowledge of the person making the same. To impute to them such an intent is, we believe, wholly unwarranted.

Appellant's next contention is that no information was filed as the basis for the issuing of the warrant of arrest, the particular point being that under § 8962, Comp. Laws of 1913, prosecutions in the county court can be instituted only by the filing of an "information," and that the word "information" as there used must receive the meaning given it in §§ 10525–10527, inclusive, and § 10684, Comp. Laws of 1913, which sections define a complaint, indictment, and information, respectively. We are convinced that such contention is without merit. We think this very clearly appears from a consideration generally of the statutes governing the practice in county courts of increased jurisdiction. The language employed in § 8962 should be construed with reference to the preceding section, which prescribes that in criminal actions triable in the county court the justice of the peace or other committing magistrate before whom the accused person is brought must "admit to bail, bind over or commit for trial, the accused to the county court of such county, and the information shall be filed in such county court." It was the evident purpose of this section to relieve the district courts of certain criminal actions by compelling them to be tried in the county courts having increased jurisdiction, and the language in § 8962, with reference to authorizing the county court or the county judge to issue warrants of arrest for persons against whom an "information" has been filed, was evidently intended to apply merely to cases wherein the accused had been bound over to the county court by a committing magistrate, in which cases the practice in the district court was intended to

be made applicable to such county courts, so far as practicable. While § 8964 prescribes that "no preliminary examination shall be necessary before trial in criminal actions in the county court," yet § 8961, aforesaid, clearly contemplates that such preliminary examinations may be held. That criminal actions which are instituted directly in the county court, and not before committing magistrates, must, as a basis for the issuance of a warrant of arrest, be instituted through a complaint verified upon oath or affirmation, is entirely clear. In fact, this is imperative under the provisions of § 18 of our state Constitution. See §§ 10389, 10529, 10531, and 10535, Comp. Laws of 1913. See also State v. Gottlieb, 21 N. D. 179, 129 N. W. 460.

Appellant's third assignment calls in question the rulings permitting the state, over defendant's objection, to prove that Peterson, the owner of the horses treated by defendant, paid for such treatment. There is no merit to this assignment; even though such payment is not made an essential element of the crime, it was clearly competent to show that defendant exacted and received compensation for his professional services, and tends to refute the claim that he was not, in treating such live stock, engaged in practising veterinary dentistry within the inhibition of the statute as contradistinguished from gratuitous and friendly assistance shown by one neighbor toward another. Such testimony was also competent for another reason. It tended to corroborate the recollection of the witness as to the transaction.

Assignments number four, five, and six all relate to rulings permitting the state to show by the witness Babcock, who was secretary of the state board of veterinarians, that the records of his office do not show the issuance of any license to the defendant. We think a sufficient foundation was laid for the introduction of the record book, exhibit "B," in evidence and that such book was clearly competent. We also fail to discover any prejudicial error in any of the rulings challenged by these assignments. The statute, § 2713, Comp. Laws of 1913, provides that the board shall issue a certificate to all applicants passing the required examination, and to all applicants who are eligible to registration under § 2711, which certificates shall be signed by the president and secretary of the board. Said statute also makes such certificate conclusive evidence of the holder's right to practise veterinary medicine, surgery, or dentistry in this state. It also requires the board to keep

a record of all its proceedings and the name of each applicant for license, and provides that "said books and records shall be prima facie evidence of all the matter therein recorded." In the light of these statutory provisions, we entertain no doubt of the competency of the testimony objected to. See State v. Littooy, 52 Wash. 87, 100 Pac. 170, 17 Ann. Cas. 292.

Appellant's 7th assignment challenges the ruling of the court in denying defendant's motion made at the close of the state's case to dismiss the prosecution. The ground of the motion was that the testimony failed to disclose that defendant practised veterinary dentistry without a license, or that he has not a license to practise such veterinary dentistry. This assignment is not argued in appellant's brief, it being merely stated that "no competent, relevant, or material testimony had been introduced by the state which was sufficient to sustain a verdict of guilty." Such a general statement, without any attempt to set out reasons as a basis therefor, deserves the same brief treatment at the hands of this court. A consideration of the point serves to convince us that it is without merit. Furthermore, the contention here made is sufficiently answered elsewhere in this opinion.

The 8th assignment is likewise without substantial merit. It challenges the ruling permitting the witness Babcock to testify to the fact that under the rulings and regulations of the board of veterinarians an annual license fee of $3 is required, and that defendant had not paid such fee. The requirement as to the payment of such annual fee is statutory (Comp. Laws 1913, § 2715), and, hence, such testimony, even if incompetent, was nonprejudicial. It was entirely proper for such witness to testify to the nonpayment of such fee. In fact, the state had the burden of proving that defendant was not at the date of the transaction the holder of a license to practise such profession, and such testimony had a direct tendency to prove this fact.

The 9th assignment challenges the correctness of the following portion of the court's instructions to the jury: "I charge you, gentlemen of the jury, as a matter of law that if you believe from the evidence beyond a reasonable doubt that the defendant on or about July 12, 1913, in Cass county, North Dakota, filed or cut off teeth of horses belonging to the witness Lewis Peterson, and that the defendant received and accepted pay therefor, and that the defendant did not have a permit to

practise veterinary. dentistry within the state of North Dakota, then you should find the defendant guilty." We fail to perceive any error in the giving of such instruction; nor does appellant's brief contain any argument on authority in support of his contention.

Among other things the court charged the jury as follows: "To the jury exclusively belongs the duty of weighing the evidence and determining the credibility of the witnesses. With that the court has absolutely nothing to do. The degree of credit due to a witness, whether for the state or the defendant, should, among other things, be determined by his character and conduct, by his manner upon the stand, his relations to the controversy and to the parties, his hopes and fears, his bias or impartiality, the reasonableness or otherwise of the statements he makes, the strength or weakness of his recollections viewed in the light of all other testimony, facts, and circumstances in the case. If any of the witnesses are shown knowingly to have testified falsely on this trial touching any material matters here involved, the jury are at liberty to reject the whole of their testimony unless the same is corroborated by other credible evidence in the case."

By his 9th assignment, appellant predicates error upon the giving of the above instruction. His counsel concede, however, that this is the stereotype form of such an instruction, and would not be objectionable if there was no issue or contradictions in the testimony; but he argues that in view of the fact that no testimony was offered by defendant such instruction had a tendency to mislead and prejudice the jury against him by creating in the minds of the jury an impression that if the testimony introduced was true, they should convict. We fail to discover any merit in this contention. Of course, such instruction would be erroneous if, as appellant's counsel contends, the fact that defendant operated on the teeth of Peterson's horses and charged and collected a fee therefor did not amount to practising dentistry within the meaning of § 2716, Comp. Laws 1913. If counsel's contention be correct as to the meaning of the word "practices" as used in such law, then obviously the state wholly failed in its proof, and the conviction cannot stand. Counsel argues that there must be a continuity of facts; that defendant, in order to come within the statute, must have practised dentistry habitually or frequently. In this we think counsel is in error. The correct rule is announced in State v. Reed, 68 Ark. 331, 58 S. W. 40. The statute

there reads: "Section 4973. It shall be unlawful for any person to practise or attempt to practise dentistry or dental surgery in the state of Arkansas without first having received a certificate from the board of dental examiners; provided, this shall not be construed as preventing any regular licensed physician from extracting teeth, nor to prevent any other person from extracting teeth, when no charge is made therefor by such persons." Defendant was indicted for practising dentistry without obtaining a certificate from the board of dental examiners. The evidence showed that he was at the time of the commission of the alleged offense a student under one Dr. Milan. The evidence also showed two instances in which defendant while so engaged performed dental work under the advice of such doctor, defendant performing the mechanical work,—one in extracting teeth and the other in filing teeth,—and that for the first work nothing was charged or received by him, and that for the latter work he charged and received a fee of $10. The court said: "From the language of the act under which this indictment was found, it is impossible to escape the conclusion that the performance of dental work and charging and receiving pay therefor is practising dentistry."

The remaining assignments relate to the refusal of the trial court to give certain requested instructions. It is contended that these stated the law correctly, and that they were not covered in the charge as given. These requests are as follows: (1) "I charge you that any person who either practises veterinary medicine, surgery, or dentistry in this state, without having had issued to him a permit to so practise by the state board of veterinary medical examiners, is guilty of a misdemeanor. In this connection you will first determine whether it appears that no such permit has been issued by said board to this defendant. And it is the duty of the state to satisfy your minds beyond a reasonable doubt that no such permit has been issued to this defendant by said board. He is not required to prove that he has such a permit. The state charges that the defendant has no such permit, and the state must prove such charge so that you are convinced beyond any reasonable doubt that he has no such permit, before you can find the defendant guilty. If the testimony introduced by the state has not so convinced you, beyond any reasonable doubt, that no such permit has been issued to defendant, your verdict must be 'not guilty.' " (2) "The defendant is not charged with practising veterinary medicine or surgery; but is only charged with prac-

tising veterinary dentistry without having a permit so to do. And I charge you that to 'practise-veterinary dentistry' is to do or perform the same habitually or frequently, to make a practice of; to carry on habitually; to exercise it as a profession or an art; and that the performance of one or more isolated or occasional acts of dentistry on teeth of animals does not constitute the practice of veterinary dentistry within the meaning of the law. And proof that on one occasion the defendant filed some sharp corners from the teeth of some horses would not constitute the practice of veterinary dentistry. To practise a thing is to carry it on habitually. This is the ordinary and usual meaning of the word 'practise' as found in the dictionaries." (3) "And I charge you that 'dentistry' is the art, science, or profession of a dentist. And that a dentist is one whose profession or business it is to extract and repair teeth when diseased, or replace them with artificial ones when necessary."

We see no error in the refusal to give such instructions. The first was sufficiently covered in the court's charge as follows:

"I charge you, Gentlemen of the jury, as a matter of law, that if you believe from the evidence beyond a reasonable doubt that the defendant, on or about July 12, 1913, in Cass county, North Dakota, filed and cut off teeth of horses belonging to the witness, Lewis Peterson, and that the defendant received and accepted pay therefor, and that the defendant did not at that time have a permit or certificate to practise veterinary dentistry within the state of North Dakota, then when you should find the defendant guilty. . . . In this case it is incumbent upon the state to establish all of the material allegations of the complaint in this case to your satisfaction beyond a reasonable doubt. Before you are authorized to find the defendant guilty of the offense charged in the complaint, you must be satisfied of his guilt beyond a reasonable doubt. If you entertain a reasonable doubt as to the guilt of the defendant, it is your duty to find him not guilty."

The second request does not contain a correct statement of the law, and the third was, in view of the explicit instructions as to what facts the state was bound to prove to warrant a conviction, wholly superfluous, and in any event its refusal was nonprejudicial.

It is, of course, elementary that error cannot be predicated upon a refusal to give requested instructions, where they are substantially cov-

ered in the charge as given, or do not correctly state the law, or where it can properly be said that their refusal is, for any reason, nonprejudicial.

This disposes of all the assignments adversely to appellant, and necessitates an affirmance of the judgment. It is accordingly affirmed.