STATE OF IOWA, Appellee, v. A. D. CORNELIUS, Appellant.

**PHYSICIANS AND SURGEONS:   Practice Without Authority—Defensive Showing.**   A defendant who is indicted on the theory that he publicly professes to assume the duties incident to the practice of medicine and has no license from the state department of health authorizing him to so do, has a right to show that he has such license to practice osteopathy, and that his practice is not violative of the statute governing said latter profession.

**PHYSICIANS AND SURGEONS:** Practice Without Authority—Pre-
2 scriptions as Evidence. On a charge ·of practicing medicine without
a license, prescriptions signed by the accused are admissible when
given for the purpose of having the medicine taken by the patients;
otherwise when the prescriptions are merely in the nature of orders
for medicine to be kept and used as occasion may require in the
hospital where the accused is employed under a physician.

**PHYSICIANS AND SURGEONS:** Practice Without Authority—Pre-
3 scribing Under Supervision of Physician. Only students who have
had not less than two years' study in medicine or surgery in an
approved medical school may prescribe medicine under the super-
vision of a licensed physician and surgeon.

**PHYSICIANS AND SURGEONS:** Practice Without Authority—Indict-
4 ment—Sufficiency. An indictment for practicing medicine without a
license is sufficient if couched substantially in the language of the
statute.

**Headnote 1:** 30 Cyc. p. 1568. **Headnote 2:** 30 Cyc. p. 1568 (Anno.)
**Headnote 3:** 30 Cyc. p. 1564. **Headnote 4:** 31 C. J. p. 706; 30 Cyc. p.
1565.

*Appeal from Marion District Court.*—W. S. COOPER, Judge.

## JUNE 25, 1925.

THE defendant was charged by indictment with the offense
of practicing medicine without having obtained and filed for rec-
ord a certificate from the state board of medical examiners au-
thorizing him so to do. From the judgment upon a verdict of
guilty he appeals.—*Reversed and remanded.*

*Johnson & Shinn* and *David S. David,* for appellant.

*Ben J. Gibson,* Attorney-general, *Herbert A. Huff,* Assist-
ant Attorney-general, and *Norman R. Hayes,* County Attorney,
for appellee.

VERMILION, J.—There was testimony tending to show that
the appellant examined persons who were sick, and prescribed
and furnished medicines for them.

I. His principal complaint is that he was not permitted

to show that he was a regularly licensed osteopathic physician. We think the complaint is well founded.

The statute in force prior to and at the time the indictment was returned, Section 15 of Chapter 77, Acts of the Thirty-ninth General Assembly, provided, in substance, that one licensed as an osteopathic physician or surgeon should not prescribe or give internal curative medicines. See Section 2554, Code of 1924. If appellant held a certificate, duly recorded, authorizing him to practice as an osteopathic physician, he had an undoubted right to examine patients, to diagnose their ailments, and to administer such treatment as he was authorized by law to administer; but he was not authorized to prescribe or give internal curative medicine. It follows that, if what he did in the way of diagnosis, treating patients, and prescribing and giving medicines, was no more than he was authorized to do as an osteopathic physician, he was guilty of no crime. But a license as an osteopathic physician would be no protection if he gave or prescribed internal curative medicine. See *State v. Gibson,* 199 Iowa 177.

1. PHYSICIANS AND SURGEONS: practice without authority: defensive showing.

II. The instructions to the jury were framed upon the theory that appellant had no right to give or prescribe medicine of any kind. Upon the introduction of evidence tending to show that appellant had a legal right to practice as an osteopathic physician, it is apparent that the jury should be instructed that he had a right to do all that the law permitted an osteopathic physician to do, and that he could only be convicted upon proof that he administered or prescribed internal curative medicine, or otherwise practiced the art of healing in a manner he was not authorized to do.

III. Error is assigned on the admission in evidence of certain prescriptions which the evidence tended to show were signed by the appellant. The prescriptions do not appear in the record, and we are unable to determine whether or not they were all given to patients for the purpose of having the medicines called for by them used by the patient. If they were merely in the nature of orders for medicines to be kept and used as required in the hospital where appellant was employed

2. PHYSICIANS AND SURGEONS: practice without authority: prescriptions as evidence.

under a physician, they had no tendency to establish the charge against appellant, and should not have been admitted; but, if they were given to patients for the purpose of having the medicine prescribed taken, they were clearly admissible.

IV. There was evidence tending to show that medicine given to or prescribed for patients by appellant was so given or prescribed under the direction of Dr. Mater, a regularly licensed physician; by whom appellant was employed. The court instructed that, if appellant did no more than to carry to patients medicine prescribed by Dr. Mater, he could not be convicted; but that he had no right to prescribe any medicine, even under the supervision of Dr. Mater. Again, if appellant was authorized to practice as an osteopathic physician, he had a right to prescribe such medicine as the law permitted him to administer. But otherwise, the instruction was correct. It is only students who have had not less than two courses of lectures in a medical college of good standing who are permitted to prescribe under the supervision of a preceptor. Section 2579, Code of 1897 (Section 2539, Code of 1924).

3. PHYSICIANS AND SURGEONS: practice without authority: prescribing under supervision of physician.

The fact that appellant prescribed or administered medicine under the direction of a duly licensed physician, if he had no right to do so at all or if he prescribed or administered medicine that he, as an osteopathic physician, was prohibited from prescribing or giving, would afford him no protection. *State v. Paul*, 56 Neb. 369 (76 N. W. 861); *State v. Reed*, 68 Ark. 331 (58 S. W. 40); *State v. Young* (Mo. App.), 215 S. W. 499.

V. The indictment was substantially in the language of the statute, Sections 2579, 2580, Code of 1897. It was not vulnerable to the criticism made of it.

4. PHYSICIANS AND SURGEONS: practice without authority: indictment: sufficiency.

Other errors are assigned. They are either without merit, or relate to situations not likely to occur upon another trial.

For the reason pointed out, the judgment is reversed and the cause remanded.—*Reversed and remanded.*

FAVILLE, C. J., and STEVENS and DE GRAFF, JJ., concur.